IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JANARD BROWN, | § | |
| | § | No. 532, 2013 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: |
| | § | |
| v. | § | Superior Court of the |
| | § | State of Delaware, in and for |
| STATE OF DELAWARE, | § | New Castle County |
| | § | |
| Plaintiff Below, | § | Cr. I.D. No. 1209007265 |
| Appellee. | § | |

Submitted: September 24, 2014
Decided: October 9, 2014

Before **STRINE**, Chief Justice, **RIDGELY** and **VALIHURA**, Justices.

# **O R D E R**

This 9th day of October 2014, upon consideration of the parties' briefs and the record below, it appears to the Court that:

1. Defendant below, Janard Brown ("Brown") appeals from his convictions and sentencing for drug dealing and driving after judgment prohibited. The trial court sentenced Brown to fifteen years at Level V incarceration, suspended after eight years at decreasing levels of supervision, for drug dealing; and one year at Level V incarceration for driving after judgment prohibited. On appeal, Brown argues: (1) that the police officer who arrested Brown did not have probable cause to arrest him; (2) that the police officer did not have reasonable suspicion to stop and frisk him; (3) that, under Delaware law, a police officer may

not summarily arrest a suspect for driving with a suspended license; and (4) that Brown's sentence for drug dealing violated due process.  We find no merit to these arguments and affirm.

2.      On September 10, 2012, a police officer pulled Brown over for driving without wearing a seatbelt.  The officer recognized Brown from prior encounters.  Based on a search of a database the officer had personally conducted roughly one month before, the officer believed Brown had been driving with a suspended license.  The officer placed Brown under arrest and conducted a search incident to arrest.  The search uncovered 0.85 grams of crack cocaine hidden in Brown's shoe and $483 in his pocket.  On April 23, 2013, Brown filed a motion to suppress the evidence recovered from the search.  The trial court denied Brown's motion.

3.      This Court reviews a trial court's denial of a motion to suppress for an abuse of discretion.[1]  This Court reviews factual findings to determine whether the trial court abused its discretion "in determining whether there is sufficient evidence to support the findings and whether those findings were not clearly erroneous."[2] To the extent this Court examines the trial court's legal conclusions, this Court

---

[1] *Stafford v. State*, 59 A.3d 1223, 1227 (Del. 2012).

[2] *Id.*

reviews them *de novo*.[3] The question of whether probable cause exists for an arrest in a given case is a mixed question of fact and law.[4]

4. We find that the trial court properly denied the motion to suppress because its determination that there was probable cause to arrest Brown is supported by the record. A police officer is permitted to arrest if the officer has reasonable ground to believe that the individual has committed a misdemeanor in the officer's presence.[5] Here, the officer had probable cause to believe a misdemeanor under 21 *Del. C.* § 2801 (driving after judgment prohibited) had occurred in the officer's presence. In other words, Delaware law allows an officer to arrest an individual when the officer has probable cause to believe the individual is driving with a suspended license.

5. The Wilmington Police Department considered Brown a person of interest. The officer testified that after pulling Brown over, he recognized Brown from past investigations and arrests. Brown also knew the identity of the officer and identified the officer by his last name. The officer testified that he believed Brown was driving with a suspended license at the time of the stop based on a

---

[3] *Lopez-Vazquez v. State*, 956 A.2d 1280, 1284-85 (Del. 2008).

[4] *Brown v. State*, 897 A.2d 748, 750 (Del. 2006).

[5] 11 *Del. C.* § 1904(a)(1).

search of a database roughly one month before.[6] The officer placed Brown under arrest and two other police vehicles arrived at the scene. The trial court credited the officer's testimony and found that probable cause existed for Brown's arrest.[7] We defer to the trial court's factual findings and do not believe they are clearly erroneous.

6. We further find that the officer was permitted to conduct a search incident to arrest. Officers may conduct a search of the space within an individual's immediate control incident to the individual's arrest.[8] This space includes "the area from which he might gain possession of a weapon or destructible evidence."[9] In a search incident to arrest, it does not matter whether the arresting officer believes that the arrestee is armed, dangerous or likely to destroy evidence.[10] Further, "[e]ven if the offense [for which the individual is arrested] is nonthreatening, an officer may conduct a search incident to arrest."[11]

7. The officer searched Brown's person after he was placed under arrest. The search was of the space within Brown's immediate control – his pockets and

---

[6] At trial, the State introduced Brown's certified driving record as an exhibit. That record indicated that on September 10, 2012, the date of the arrest, Brown's license was suspended. Brown does not deny this fact.

[7] Appendix to Appellant's Opening Brief at A19 ("[T]he court credits the officer's testimony that he knew that he recognized Defendant and knew his license had been suspended.").

[8] *Arizona v. Gant*, 556 U.S. 332, 335 (2009).

[9] *Id.* (quoting *Chimel v. California*, 395 U.S. 752, 763 (1969)).

[10] *Stafford*, 59 A.3d at 1231.

[11] *Id.* (citing *United States v. Robinson*, 414 U.S. 218, 234-35 (1973)).

4

shoes – and was conducted immediately after the arrest. We find that the search incident to arrest was valid. Accordingly, we find that the motion to suppress was properly denied.

8.      Brown also argues on appeal that the stop, detention and search violate his rights under Article I, Section 6 of the Delaware Constitution. We find that Brown has not fully and fairly raised this argument at the trial court below. Brown merely cited to the Delaware Constitution in his motion to suppress as the basis under which he should not have been detained and searched. As this Court held in *State v. Meades*[12] and *Ortiz v. State*,[13] there must be more than a mere citation to legal authority for the issue to be preserved on appeal. Accordingly, we do not address Brown's constitutional argument as it is not properly before this Court.

9.      We find the remaining issue regarding Brown's sentence to be without merit. Our standard of review for sentences imposed by trial courts is generally limited when the sentence is within the statutory limit proscribed by the legislature.[14] We find that the sentence imposed is within the statutory limit and

---

[12] 947 A.2d 1093, 1096-97 (Del. 2008) (explaining that for an argument to be preserved on appeal, there must be more than "one, indirect reference" to the argument).

[13] 869 A.2d 285, 290-91, n.4 (Del. 2005) (finding that a citation to Article I, Section 7 of the Delaware Constitution without a legal argument or citation to other authority does not support a conclusory declarative statement that Appellant's rights had been violated).

[14] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992); *Ward v. State*, 567 A.2d 1296, 1297-98 (Del. 1989).

took into account aggravating and mitigating factors.  Accordingly, we find that Brown's sentence does not violate his due process rights.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.

BY THE COURT:


<u>/s/ Karen L. Valihura</u>
Justice