JAMES VANDERHOEVEN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 21, 2009
Supreme Court of Delaware.
Submitted: June 11, 2009.
Decided: July 7, 2009.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 7th day of July 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) The defendant-appellant, James Vanderhoeven, was found to have committed a violation of probation ("VOP") in connection with his 2007 sentences for Assault in the Second Degree and Delivery of a Schedule IV Controlled Substance. For the VOP in connection with his assault sentence, he was sentenced to 1 year at Level V, with credit for 114 days previously served. For the VOP in connection with his delivery sentence, he was sentenced to 5 years at Level V, to be suspended after 3 years for decreasing levels of supervision. This is Vanderhoeven's direct appeal.
(2) Vanderhoeven's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Vanderhoeven's counsel asserts that, based upon a careful and complete examination of the record and the law, there are no arguably appealable issues. By letter, Vanderhoeven's counsel informed Vanderhoeven of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Vanderhoeven also was informed of his right to supplement his attorney's presentation. Vanderhoeven responded with a brief that raises several issues for this Court's consideration. The State has responded to the position taken by Vanderhoeven's counsel as well as the issues raised by Vanderhoeven and has moved to affirm the Superior Court's judgment.
(4) Vanderhoeven raises several issues for this Court's consideration, which may fairly be summarized as follows: a) the Superior Court abused its discretion by conducting a contested VOP hearing rather than accepting his offer to admit the VOP, by denying a continuance to allow him to retain private counsel, by relying on inadmissible evidence, by failing to permit his counsel to review the presentence report, and by imposing excessive sentences, given the minimal nature of the violations; and b) his counsel provided ineffective assistance by requesting a contested VOP hearing, by failing to prepare for the hearing, and by failing to consult with him prior to the hearing.
(5) The record reflects that, in November 2007, Vanderhoeven entered a plea of nolo contendere to Assault in the Second Degree and Delivery of a Schedule IV Controlled Substance. He was sentenced on the assault conviction to 1 year at Level V, to be suspended for 1 year of Level III probation. He was sentenced on the delivery conviction to 5 years at Level IV, to be suspended for 3 months Level IV Home Confinement, followed by 1 year at Level III probation.
(6) The record regarding the VOP reflects the following. On October 3, 2008, Vanderhoeven's appointed counsel appeared at the scheduled VOP hearing. He stated that Vanderhoeven denied the violation and requested a contested hearing. After consulting with Vanderhoeven, however, he stated that his client simply wanted to tell the judge "his side of the story and let [the judge] decide whether that is a violation." The judge, stating that there were "two sides to a story," denied the request and scheduled the contested hearing.
(7) The record further reflects that the contested VOP hearing took place on October 17, 2008. Vanderhoeven's probation officer, Krystal Woodyard, testified that, as conditions of his probation, Vanderhoeven was to have no contact with Crystal Garrett, the assault victim, and was to observe a curfew from 10:00 p.m. until 6:00 a.m. Woodyard testified that Vanderhoeven telephoned her in early September, 2008, and reported that he had been out past his curfew a couple of days previously and had stopped in a Wal-Mart where, unbeknownst to him, Garrett was working the night shift. Woodyard further testified that she received a phone call from Garrett's mother who stated that Vanderhoeven had been in the Wal-Mart on August 18 at 12:30 a.m. and on September 6 at 1:15 a.m. The Wal-Mart shift supervisor, Marilyn Porches, also verified in a phone call to one of the other probation officers that Vanderhoeven had been at Wal-Mart at those times. Porches testified at the hearing that Vanderhoeven had come into Wal-Mart three times, once in August and twice in September. All three times Garrett had gone to Porches, upset, to report that Vanderhoeven was in the store.
(8) Garrett testified at the hearing that Vanderhoeven was related to her by marriage and that he had raped her. She stated that Vanderhoeven ultimately entered a plea to assault and delivery of drugs in connection with that incident. Garrett further testified that Vanderhoeven came into the Wal-Mart where she was working the night shift in mid-August, early September, and later in September, 2008. She stated that he looked at her, but did not say anything. Upset, she went to her supervisor to report the incidents.
(9) Vanderhoeven testified in his own behalf. He admitted calling his probation officer and telling her that he had been out past curfew because he had gotten two flat tires on the way home from the beach and had unexpectedly seen Garrett in Wal-Mart. He agreed that he was in violation of the terms of his probation in connection with that incident. Vanderhoeven admitted going into Wal-Mart for groceries on September 13, but did not recall seeing Garrett at that time. He denied being out past curfew on that occasion. Vanderhoeven denied going into Wal-Mart a third time. He admitted to staring at Garrett for 90 seconds when he saw her in the store.
(10) Based upon the evidence presented, the Superior Court judge ruled that Vanderhoeven violated his curfew on August 18, 2008, September 6, 2008, and September 13, 2008. He further ruled that Vanderhoeven violated the no-contact provision of his probation on September 6, 2008.
(11) At the sentencing hearing on December 12, 2008, the judge discussed the presentence report with Vanderhoeven and his counsel. The judge noted that the report contained transcriptions of and notes pertaining to videotapes and phone calls in which Vanderhoeven discussed sex acts and illegal drugs he had bought and sold. The judge asked Vanderhoeven's counsel for his position on the materials and stated that they seemed to suggest that Vanderhoeven's daughter was selling several of Vanderhoeven's medications with his knowledge. A colloquy with Vanderhoeven ensued during which Vanderhoeven attempted to explain what was happening in the videotapes. The judge then set the matter down for an evidentiary hearing so that Vanderhoeven and his counsel would have an opportunity to further review the materials.
(12) The transcript of the January 8, 2009 evidentiary hearing and continued sentencing hearing reflects the following. Vanderhoeven's counsel stated that his client told him the videotapes had been stolen from his house prior to the previous hearing. Vanderhoeven acknowledged that the conversations about drugs had taken place, but not since he began serving his probationary sentence. Vanderhoeven's counsel objected to the material on the ground that it was not relevant to Vanderhoeven's sentencing on the VOP. The State noted that, while the videotapes could not be dated exactly, Vanderhoeven's physical appearance was not materially different, indicating that they had been made recently. The State argued that the videotapes, which also showed Vanderhoeven having sex with prostitutes, were relevant to support the continuous nature of Vanderhoeven's "deviant" behavior. The transcript of one phone call also reflected that Vanderhoeven asked his daughter to contact Garrett while he was in prison.
(13) In overruling Vanderhoeven's counsel's objection to the materials, the judge observed that Vanderhoeven had been convicted multiple times on weapon charges and for attempting to intimidate victims through violent acts and threats. He stated that, in his view, the instant VOP was indicative of a pattern of such behavior going back to 1999. In imposing sentence, the judge admonished Vanderhoeven that, " . . . you are involved with drugs, cash, and prostitution, and you get into situations such as what got you convicted . . . assault in the second degree. This is something that requires attention, and you will get the Family Problems Program."
(14) Vanderhoeven's first claim is that the Superior Court abused its discretion by conducting a contested VOP hearing rather than accepting his offer to admit the VOP, by denying a continuance to allow him to retain private counsel, by relying on inadmissible evidence, by failing to permit his counsel to review the presentence report, and by imposing excessive sentences, given the minimal nature of the violations.
(15) It is well established that probation is an "act of grace" and that a judge has broad discretionary authority when deciding whether or not to revoke probation.[2] Moreover, the State need only prove by a "preponderance of the evidence" that a VOP has occurred.[3] In order to satisfy its burden of proof, the State must present "some competent evidence" to "reasonably satisfy the judge that the conduct of the probationer has not been as good as required by the conditions of probation."[4] Finally, under the relaxed rules of evidence applicable at a VOP hearing, hearsay evidence is admissible.[5] Under the standards enunciated above, we find Vanderhoeven's claims of abuse of discretion on the part of the judge at the VOP hearing to be without merit. We further conclude that his claim of a failure on the part of the judge to permit his counsel to review the presentence report is without a factual basis and, therefore, also without merit.
(16) As for Vanderhoeven's claims of abuse of discretion with respect to his VOP sentence, Delaware law provides that a sentencing judge has broad discretion to consider "information pertaining to a defendant's personal history and behavior."[6] As such, we find no abuse of discretion on the part of the judge in taking the videotapes and other material into consideration when sentencing Vanderhoeven. Moreover, "[a]ppellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[7] Once a defendant violates the terms of his probation, "the Superior Court has the authority to require [him] to serve the sentence imposed, or any lesser sentence."[8] Because, as Vanderhoeven concedes, his sentence is within the statutory limits, any claim of an illegal sentence is without merit. Furthermore, although Vanderhoeven's sentence exceeds the SENTAC guidelines, this fact, in and of itself, provides no basis for relief.[9] Based upon all of the above, we find Vanderhoeven's claims of abuse of discretion with respect to his VOP sentence to be without merit.
(17) Vanderhoeven's also claims that his counsel provided ineffective assistance of counsel in several respects. It is settled Delaware law that this Court will not consider allegations of ineffective assistance of counsel that are asserted for the first time on direct appeal.[10] Because Vanderhoeven's claim was not presented to the Superior Court in the first instance, we decline to address it in this appeal.
(18) This Court has reviewed the record carefully and has concluded that Vanderhoeven's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Vanderhoeven's counsel has made a conscientious effort to examine the record and the law and has properly determined that Vanderhoeven could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Collins v. State, 897 A.2d 159, 160 (Del. 2006).
[3] Kurzmann v. State, 903 A.2d 702, 716 (Del. 2006).
[4] Collins v. State, 897 A.2d at 160.
[5] Id.
[6] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[7] Id.
[8] State v. Sloman, 886 A.2d 1257, 1260 (Del. 2005) (citing Del. Code Ann. tit. 11, § 4334(c)).
[9] Mayes v. State, 604 A.2d at 845.
[10] Desmond v. State, 654 A.2d 821, 829 (Del. 1994).