IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DENNIS EDGE, | § | |
| | § | No. 501, 2017 |
| Defendant-Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. S1401016283 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: August 22, 2018
Decided: September 5, 2018

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## ORDER

This 5th day of September, 2018, having considered the briefs and the record below, it appears to the Court that:

(1) Dennis Edge was on probation for a drug-related conviction when the police searched his home and found drug paraphernalia used to make methamphetamine. The court refused to wait until after his new criminal charges were resolved to hold a violation of probation hearing. At the hearing, Edge's attorney admitted that Edge violated his probation, but also argued that the court should suppress evidence found after a search of his home. The court refused to

consider the defendant's suppression argument, ruling that the exclusionary rule did not apply to evidence introduced at violation of probation hearings. As part of his sentencing decision, the court considered the evidence of illegal drug manufacturing found in Edge's home and sentenced him to seven months' incarceration followed by probation.

(2) On appeal, Edge argues that the exclusionary rule should apply in probation hearings because the Delaware Constitution affords greater protection than the Fourth Amendment to the United States Constitution.[1] We need not, however, reach the state constitutional issue to decide this appeal. Edge admitted that he violated his probation when he was discharged from an aftercare program.[2] He also tested positive for amphetamines while on probation.[3] Thus, there were sufficient grounds independent of the evidence subject to the suppression motion for the Superior Court to find a violation of probation. Having found a violation of probation, the Superior Court judge was entitled to rely on the evidence presented at

---

[1] This Court recently decided in *Thompson v. State*, 2018 WL 3544376, at *5 (Del. July 24, 2018) that the U.S. Constitution does not require the exclusionary rule in violation of probation proceedings.

[2] App. to Opening Br. at 25 (Contested VOP Tr., at 3) ("Mr. Edge is prepared to admit to violating his second condition that he got kicked out of the Aftercare program so he would be in violation of probation."); Id. at 50 ("But what is the purpose of my asking him questions if my client already admitted the violation?").

[3] *See* App. to Answering Br. at 22 (Sentence Order Special Conditions, *Edge*, No. 1401016283, at 2 (Del. Super. Mar. 12, 2018)) ("Zero tolerance drugs and alcohol."); Id. at 52 ("I was able to establish that Mr. Edge in the past tested positive methamphetamine.").

the hearing when sentencing the defendant.[4]  We therefore affirm the Superior Court's judgment.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ *Collins J. Seitz, Jr.*
Justice

---

[4] *Lopez v. State*, 99 A.3d 227, 2014 WL 2927347, at *3 (Del. June 25, 2014) (TABLE) ("[T]his Court has repeatedly held that the formal rules of evidence are inapplicable to a VOP hearing."); *Vanderhoeven v. State*, 976 A.2d 172 (Del. 2009) ("Delaware law provides that a sentencing judge has broad discretion to consider 'information pertaining to a defendant's personal history and behavior.'" (quoting *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992))).