JERMAINE VESSELS, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 144, 2009.
Supreme Court of Delaware.
Submitted: December 9, 2009.
Decided: December 16, 2009.
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice.
This 16th day of December 2009, upon consideration of the briefs of the parties and the record in this case, it appears to the Court that:
1. Jermaine Vessels ("Vessels"), the defendant below, appeals from a Superior Court final judgment of conviction. On appeal, Vessels claims that the Superior Court erred in sentencing him to 26 years at Level V incarceration. We find no error and affirm.
2. On November 29, 2007, Vessels shot Omar Kinard ("Kinard"), during an altercation involving Vessels, Kinard and others.[1] Kinard died the next morning. During a foot chase leading to his arrest on November 30, 2007, Vessels threw a handgun (which was not the gun used to shoot Kinard). The gun was later recovered by the police.
3. On March 31, 2008, Vessels was charged with First Degree Murder,[2] Possession of a Firearm during the Commission of a Felony (PFDCF),[3] and Possession of a Deadly Weapon by a Person Prohibited (PDWPP).[4] Vessels had already been charged with PDWPP for the possession of the handgun recovered upon his arrest. He pled guilty to that PDWPP charge in May 2008, and his sentencing was deferred pending the outcome of the Kinard homicide case.
4. On January 5, 2009, Vessels pled guilty to Manslaughter (as a lesser offense of the original First Degree Murder count) and PFDCF, and the State entered a nolle prosequi on the remaining PDWPP charge. The plea agreement was conditioned upon Vessels withdrawing his motion to suppress, which was scheduled to be heard on that date. The State later recommended that Vessels be sentenced to at least 15 years at Level V incarceration. On March 13, 2009, the Superior Court sentenced Vessels to: (i) 25 years at Level V incarceration, suspended after 20 years, on the manslaughter conviction, (ii) 10 years at Level V incarceration, suspended after five years, on the PFDCF conviction, and (iii) 8 years at Level V incarceration, suspended after 1 year on the PDWPP charge to which Vessels pled guilty in May 2008.[5] This appeal followed.
5. Vessels' sole claim on appeal is that the Superior Court imposed an excessive and illegal sentence, because: (1) the sentence exceeds the cumulative mandatory minimum sentence for the three offenses (eight years),[6] (ii) the sentence exceeds that recommended by the Delaware Sentencing Accountability Commission (SENTAC) guidelines, and (iii) the sentence exceeds the 15 years sentence recommended by the State.
6. Appellate review of sentences is extremely limited.[7] "To disturb a sentence on appeal, there must be a showing either of imposition of an illegal sentence or of abuse of the trial judge's broad discretion."[8] No such showing was made here.
7. Our review "generally ends upon [a] determination that the sentence is within the statutory limits prescribed by the legislature."[9] Because Vessels' sentence for the manslaughter conviction (20 years at Level V incarceration before suspension) was within the statutory limits, any claim of an illegal sentence is without merit.[10] The SENTAC guidelines are voluntary and non-binding, and they too do not provide "any legal or constitutional right to appeal ... a statutorily authorized sentence."[11]
8. Nor does Vessels' claim establish any basis to conclude that the Superior Court abused its discretion in sentencing him. Vessels concedes that the Superior Court articulated all the mitigating and aggravating factors justifying the sentence imposed.[12] The record also shows that before accepting the plea, Vessels was informed that he was facing up to 25 years incarceration on each of the manslaughter and PFDCF charges, and understood that the Superior Court was not bound by any recommendation made about his sentencing.[13] That the exercise of the Superior Court's broad discretion yielded a result that differs from the SENTAC guidelines and the State's non-binding recommendation, does not justify reversal.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] According to Vessels, in the afternoon of November 29, 2007, Kinard and his companions displayed weapons and put a gun to Vessels' head. Vessels was, therefore, nervous to see Kinard and the others walking in his direction later that evening. Vessels ran behind a local business, retrieved a handgun hidden there, fired at Kinard and his companions, and fled the scene on foot. He discarded the gun and some of his clothing as he ran.
[2] 11 Del. C. § 636.
[3] 11 Del. C. § 1447A.
[4] 11 Del. C. § 1448.
[5] Vessels had prior felony convictions. Therefore, the sentences imposed on Vessels for the PFDCF (five years at Level V incarceration, before suspension) and the PDWPP (one year at Level V incarceration before suspension) convictions were mandatory minimal sentences (11 Del. C. §§ 1447A(c), 1448(e)(1)(a)).
[6] The mandatory minimum sentence for manslaughter, a class B felony, is two years. This calculation is somewhat misleading because the sentences imposed on Vessels for the PFDCF and PDWPP conviction did not exceed minimum terms mandated by the statute.
[7] Mayes v. State, 604 A.2d 839, 842 (Del. 1992).
[8] Howell v. State, 421 A.2d 892, 899 (Del. 1980).
[9] Ward v. State, 567 A.2d 1296, 1297 (Del. 1989).
[10] The statutory sentence range for a class B felony is 2 to 25 years to be served at Level V. 11 Del. C. § 4205(b)(2).
[11] Mayes, 604 A.2d at 845.
[12] Moreover, failure to identify these factors would not provide basis for reversible error, because the SENTAC guidelines "provide no basis for appeal." Mayes, 604 A.2d at 846 (citing Gaines v. State, 571 A.2d 765, 767 (Del. 1990)).
[13] See Superior Court Criminal Rule 11(e)(1)(B) (providing that the attorney general's sentence recommendation is not binding upon the Court).