# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )        I.D. No: 2101010759
v.                           )
                             )
JAVON HOXTER,                )
        Defendant.           )

Submitted: August 15, 2022
Decided: November 2, 2022

## ORDER DENYING DEFENDANT'S MOTION
## TO REDUCE SENTENCE

AND NOW, this 2nd day of November, 2022, upon careful consideration of Javon Hoxter's ("Hoxter") Motion to Reduce Sentence pursuant to Superior Court Criminal Rule 35(b), the sentence imposed upon Hoxter, and the record in this case, it appears to the Court that:

1.      On March 9, 2021, a Grand Jury indicted Hoxter for Burglary First Degree, Rape Third Degree, Rape Second Degree, Unlawful Sexual Contact First Degree, Malicious Interference with Emergency Communications, Assault Third Degree, and Misdemeanor Theft. To spare Hoxter further embarrassment, I will not recite the facts of the case, but they are shocking and violent.

2. Hoxter pleaded guilty to two offenses on February 23, 2022: Rape in the Third Degree and Unlawful Sexual Contact in the First Degree. The State entered a *nolle prosequi* on the remaining charges. The parties both requested that sentencing be deferred for a presentence investigation. Hoxter faced a minimum sentence of two years and a maximum of thirty-three years of incarceration. The State agreed to cap its recommendation at eight years.

3. Sentencing took place on May 13, 2022. I heard from Hoxter's attorney, Hoxter's mother, Hoxter, and the prosecutor. The victim was present in court but did not wish to speak. Instead, the prosecutor read a statement from her. I sentenced Hoxter as follows: (1) for Rape in the Third Degree, to twenty-five years supervision Level V, suspended after eight years, for five years supervision Level III and (2) for Unlawful Sexual Contact in the First Degree, to eight years supervision Level V, suspended for five years supervision Level III.

4. On August 15, 2022, Hoxter filed this pending Motion to Reduce Sentence. Because it is his first motion and was filed within ninety days of the imposition of his sentence, it is not procedurally barred and is timely.

5. In his motion, Hoxter argues that: (1) the Delaware Sentencing Accountability Commission ("SENTAC") guidelines recommend two to five years for Rape in the Third Degree; and (2) the SENTAC guidelines recommend zero to two years for Unlawful Sexual Contact in the First Degree. Hoxter urges the court

to reduce his sentence to the recommended range because of his lack of criminal history and because the crimes were not "terribly horrific." He asks that the eight-year sentence be reduced to five years.

6. Pursuant to Superior Court Criminal Rule 35(b), the court may reduce a sentence of imprisonment on a motion made within 90 days after the sentence is imposed.[1] The Rule allows for relief if the sentence imposed was "based on preconceived bias without consideration of the nature of the offense or character of the defendant."[2] If the sentencing judge relies upon impermissible factors when establishing a sentence or the imposition exhibits a close-minded decision, review and reduction may be appropriate.[3] A judge may exceed the SENTAC guidelines, but must explain the reasons for doing so.[4]

7. At sentencing, I recognized Hoxter's lack of criminal history, his good employment history, the nature of his employment (working with special needs children), the significant support he receives from family and friends, the fact that he is a good father, and his demonstrated remorse and acceptance of responsibility.

---

[1] Super. Ct. Crim. R. 35(b).

[2] *See Dailey v. State*, 2004 WL 439855, *2 (Del. 2004) (citation omitted) (holding that the Superior Court judge's sentence was based upon relevant factors, such as the nature of the crime and the defendant's criminal history).

[3] *Id.* at *1-2; *See also Ellerbe v. State*, 2000 WL 949625, *1 (Del. 2000), *Vessels v. State*, 2009 WL 4847619, *1 (Del. 2009) (highlighting where the sentence imposed exceeded the SENTAC guidelines but was still within the statutory limits, there was no legal or constitutional right to appeal).

[4] *Benge v. State*, 2004 WL 2743431, at *2 (Del. 2004).

I noted that many of the mitigating factors in the case were likely considered by the State during the plea negotiations because Hoxter faced a significant amount of minimum-mandatory time at Level V if he were convicted of all charged offenses and because the State agreed to cap its recommendation.

8. I found, however, that the aggravating factors outweighed the mitigating factors. I noted the severe impact of the crimes on the victim and the violent nature of the crimes. I also articulated the following aggravating factors: need for correctional treatment, undue depreciation of the offense, the fact the crime happened in the victim's home in the middle of the night, and the fact that the victim's young child was present.

9. I gave a great deal of thought to Hoxter's sentence, both after a review of the presentence investigation and from what was said at sentencing. From everything I read and heard, these criminal acts were uncharacteristic of Hoxter. However, I could not overlook the violent and assaultive nature of the crimes and the lasting impact of Hoxter's acts on the victim. Hoxter faced very serious charges with significant minimum sentences, and he received a favorable plea agreement. He knew the State's recommendation when he took the plea, and that recommendation was well below the possible maximum sentence. I did not exceed the State's recommendation.

10. The sentence imposed upon Hoxter is appropriate for all the reasons set forth above. Therefore, Hoxter's Motion to Reduce Sentence is **DENIED.**

**IT IS SO ORDERED.**

*/s/Robert H. Robinson, Jr.*
Robert H. Robinson, Jr., Judge

pc: Prothonotary