CHARLES HONAKER, Defendant BelowA-ppellant,
v.
STATE OF DELAWARE, Plaintiff BelowA-ppellee.
No. 363, 2008.
Supreme Court of Delaware.
Submitted: February 2, 2009.
Decided: March 9, 2009.
Before STEELE, Chief Justice, JACOBS and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 9th day of March 2009, upon consideration of the appellant's brief filed pursuant to Supreme Court Rule 26(c), his attorney's motion to withdraw, and the State's response thereto, it appears to the Court that:
(1) In February 2008, the defendant-appellant, Charles Honaker, pleaded guilty to Burglary in the Third Degree. In exchange for the plea, the State dismissed the additional charges of Possession of Burglar's Tools, Conspiracy in the Second Degree, and Misdemeanor Theft. Honaker was sentenced to 3 years at Level V, to be suspended after 6 months for completion of Level IV Crest, with the balance of the sentence to be served at Level III probation. This is Honaker's direct appeal.
(2) Honaker's counsel has filed a brief and a motion to withdraw pursuant to Rule 26(c). The standard and scope of review applicable to the consideration of a motion to withdraw and an accompanying brief under Rule 26(c) is twofold: (a) the Court must be satisfied that defense counsel has made a conscientious examination of the record and the law for claims that could arguably support the appeal; and (b) the Court must conduct its own review of the record and determine whether the appeal is so totally devoid of at least arguably appealable issues that it can be decided without an adversary presentation.[1]
(3) Honaker's counsel asserts that, based upon a careful and complete examination of the record, there are no arguably appealable issues. By letter, Honaker's counsel informed Honaker of the provisions of Rule 26(c) and provided him with a copy of the motion to withdraw, the accompanying brief and the complete transcript. Honaker also was informed of his right to supplement his attorney's presentation. Honaker responded with a brief that raises three issues for this Court's consideration. The State has responded to the position taken by Honaker's counsel as well as the issues raised by Honaker and has moved to affirm the Superior Court's judgment.
(4) Honaker raises three issues for this Court's consideration, all related to the sentence imposed by the Superior Court. He claims that a) the Superior Court judge's sentence demonstrated bias; b) his counsel provided ineffective assistance at the sentencing hearing; and c) his sentence was unduly harsh and in violation of the TIS guidelines.
(5) The transcript of Honaker's plea hearing reflects that the Superior Court informed him that, with a history of offenses similar to the one to which he was pleading guilty, he could be given a sentence of up to 12 months at Level V under the TIS guidelines. Honaker acknowledged at that time that he understood the range of possible sentences. The transcript of Honaker's sentencing hearing reflects that Honaker acknowledged that he had a lengthy record. The transcript also reflects that Honaker's lengthy record was the reason the Superior Court imposed a sentence in the upper range of the TIS guidelines.
(6) Honaker's first claim is that the sentence imposed by the Superior Court demonstrated bias. Specifically, he contends that he was sentenced "out of retaliation," because a previous sentence imposed by the sentencing judge was "partially vacated." Where, as here, there was no request for recusal filed in the Superior Court in the first instance, this Court must determine whether there was an objective "appearance of bias" warranting the judge's disqualification.[2] Because our review of the guilty plea and sentencing transcripts reflects no factual basis for Honaker's claim of "bias," we conclude that his first claim is without merit.
(7) Honaker's second claim is that his counsel provided ineffective assistance. Specifically, he contends that his attorney was not prepared to represent him at the sentencing hearing. It is well-established that this Court will not entertain a claim of ineffective assistance of counsel that is raised for the first time on direct appeal.[3] As such, we will not consider Honaker's claim of ineffective assistance in this direct appeal.
(8) Honaker's third, and final, claim is that his sentence was unduly harsh and in violation of the TIS guidelines. The record reflects that Honaker's sentence for third-degree burglary is within the statutory limits for that crime.[4] As such, it is not excessive.[5] Moreover, even a sentence that exceeds the TIS guidelines does not provide a legal or constitutional right to appeal a sentence that is otherwise within the statutory limits.[6] As such, Honaker's third claim, which is based upon a sentence within the TIS guidelines, is without merit.
(9) The Court has reviewed the record carefully and has concluded that Honaker's appeal is wholly without merit and devoid of any arguably appealable issue. We also are satisfied that Honaker's counsel has made a conscientious effort to examine the record and the law and has properly determined that Honaker could not raise a meritorious claim in this appeal.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED. The motion to withdraw is moot.
NOTES
[1] Penson v. Ohio, 488 U.S. 75, 83 (1988); McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 442 (1988); Anders v. California, 386 U.S. 738, 744 (1967).
[2] Jackson v. State, 684 A.2d 745, 752-53 (Del. 1996) (citing Los v. Los, 595 A.2d 381, 384-85 (Del. 1991)).
[3] Desmond v. State, 654 A.2d 821, 829 (Del. 1994).
[4] Del. Code Ann. tit. 11, §§ 824 and 4205(b) (6).
[5] Ward v. State, 567 A.2d 1296, 1297 (Del. 1989).
[6] Mayes v. State, 604 A.2d 839, 845 (Del. 1992).