# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

STATE OF DELAWARE,      )
                              )
                              )
**v.**                         )        **ID Nos. 131006432 and**
                              )             **1311012721**
                              )
**RICARDO COMEGER,**     )
                              )
           **Defendant.**    )

Submitted: November 19, 2014
Decided: January 5, 2015

## <u>ORDER DENYING MOTION TO REDUCE SENTENCE</u>

This 5th day of January, 2015, upon consideration of the Defendant's Motion for Sentence Reduction, and the record in this matter, it appears to the Court that:

(1)    In January 2014, Ricardo Comeger pleaded guilty to one count of drug dealing and one count of misdemeanor theft.[1] The offenses arose from two different criminal episodes but, because Comeger waived indictment and entered into one dispositive plea agreement, they were heard in one proceeding. Comeger was immediately sentenced to serve an

---

[1]    DEL. CODE ANN. tit. 16, § 4754 (2013) (drug dealing-cocaine); § 841 (theft-misdemeanor).

aggregate nine years at Level V suspended after serving 90 days for diminishing levels of supervision.[2]

(2)    By mid-August 2014, Comeger was before the Court for a second time for a violation of probation ("VOP").  He was found to have violated the conditions of his probation[3] and was sentenced to:  six months at Level V, with no probation to follow, for the VOP-theft-misdemeanor; and seven years at Level V, suspended in full for diminishing levels of supervision, for the VOP-drug dealing.[4]  The Court noted the following aggravators in its VOP sentencing order:  (1) Comeger's extensive criminal history; and (2) his obvious demonstrated lack of amenability to community supervision at the time.[5]

---

[2]    *See* Plea Agreement and Sentencing Order, *State v. Ricardo Comeger*, ID Nos. 1005003025 & 1005013493 (Del. Super. Ct. Jan. 13, 2014).

[3]    The Court consolidated this probation with that from a separate Court of Common Pleas' sentence – a sentence for another theft crime that occurred in 2013 – and discharged Comeger from that Court of Common Pleas' sentence as unimproved.  VOP Sentencing Order, *State v. Ricardo Comeger*, ID Nos. 1005003025 & 1005013493 (Del. Super. Ct. Aug. 19, 2014).

[4]    *Id.*

[5]    VOP Sentencing Order, at 3.  *See* DEL. CODE ANN. tit. 11, § 4204(n) (2013) (when sentencing court exceeds SENTAC guidelines, it should place on the record its reasons for the enhanced sentence); DEL. SUPR. CT. ADMIN. DIR. 76 (1987) (same).

(3)  Comeger filed the present motion[6] under Superior Court Criminal Rule 35(b) requesting reduction of his current Level V term.[7] Comeger claims that his term of imprisonment should be reduced because: (1) as to the VOP-theft portion of his sentence, the Court "went way above guidelines;" (2) as to the VOP-drug dealing, his case may have been affected by the "Medical Examiner's corruption;"[8] and (3) he is "highly interested" in participating in a particular community-based rehabilitation program.[9]

---

[6]  A motion for postconviction relief was docketed on October 15, 2014 (D.I. 17 – ID No. 1310006432; D.I. 25 – ID No. 1311012721), but no other motion. This order will address and dispose of the sentence modification claims only; the pending postconviction motion will be dealt with separately.

[7]  Super. Ct. Crim. R. 35(b) (providing that, under certain conditions, the court may modify or reduce a sentence of imprisonment on an inmate's motion); *Jones v. State*, 2003 WL 21210348, at *1 (Del. May 22, 2003) ("There is no separate procedure, other than that which is provided under Superior Court Criminal Rule 35, to reduce or modify a sentence.").

[8]  In February 2014, Delaware law enforcement officials commenced a "thorough investigation of [the Office of the Chief Medical Examiner ("OCME") - Controlled Substances Unit] operations based upon irregularities identified in evidence that had been submitted to that laboratory." DEL. ATT'Y GEN., INVESTIGATION OF MISSING DRUG EVIDENCE: PRELIMINARY FINDINGS, at 1-2 (2014), http://www.attorneygeneral.delaware.gov/documents/OCME_Controlled_Substances_Un it_investigation_preliminary_findings.pdf (last visited August 9, 2014). A preliminary public report of that investigation related that "[s]ystemic operational failings of the OCME resulted in an environment in which drug evidence could be [and was] lost, stolen or altered, thiseby negatively impacting the integrity of many prosecutions" between 2010 and 2013. *Id.*

[9]  Def.'s Mot. to Modify Sent., at 1.

The Court may consider such a motion "without presentation, hearing or argument."[10] The Court will decide this motion on the papers filed.[11]

(4) The purpose of Superior Court Criminal Rule 35(b) historically has been to provide a reasonable period for the Court to consider alteration of its sentencing judgments.[12] Where a motion for reduction of sentence of imprisonment is filed within 90 days of sentencing, the Court has broad discretion to decide if it should alter its judgment.[13] "The reason for such a rule is to give a sentencing judge a second chance to consider whether the initial sentence is appropriate."[14]

(5) Comeger's allegation that his case may be affected by the investigation of evidence tampering at the former Office of the Chief Medical Examiner, *i.e.*, that the integrity of his conviction might now be

---

[10] Super. Ct. Crim. R. 35(b).

[11] When considering motions for sentence modification, this Court addresses any applicable procedural bars before turning to the merits. *State v. Reed*, 2014 WL 7148921, at \*2 (Del. Super. Ct. Dec. 16, 2014). There are no bars to consideration of Comeger's request under Rule 35(b).

[12] *Johnson v. State*, 234 A.2d 447, 448 (Del. 1967) (per curiam).

[13] *Hewett v. State*, 2014 WL 5020251, at \*1 (Del. Oct. 7, 2014) ("When, as here, a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").

[14] *Reed*, 2014 WL 7148921, at \*2 (such a request is essentially a plea for leniency; an appeal to the sentencing court to reconsider and show mercy).

questioned, is not cognizable under Rule 35.[15] A motion to reduce a sentence under Rule 35 presupposes a valid conviction.[16]

(6) The fact that a portion of the sentence imposed exceeds SENTAC guidelines does not provide a legal or constitutional basis to attack this sentence which is otherwise within statutory limits.[17] It is, however, a proper factor for the Court weigh when, as here, it is considering a timely Rule 35(b) motion.

(7) The Court has examined Comeger's lone viable claim – that is, his timeous request that the Court simply reconsider and decide if, on further reflection, its VOP sentence now seems unduly harsh – on the merits. Under every iteration of Delaware's criminal rules governing motions to reduce or correct sentences, such entreaties are addressed to the sound discretion of this Court.[18] The Court has fully reviewed Comeger's

---

[15] *State v. Rivera*, 2014 WL 3894274, at*2 (Del. Super. Ct. Aug. 11, 2014).

[16] *See State v. Lewis*, 797 A.2d 1198, 1200 (Del. 2002) ("Rule 61 addresses post-conviction relief, which requires a legal challenge to the conviction, whereas Rule 35(b) allows a reduction of sentence, without regard to the legality of the conviction."); *see also Poole v. United States*, 250 F.2d 396, 401 (D.C. Cir. 1957) (Rule 35 motion for reduction of sentence "is essentially a plea for leniency and presupposes a valid conviction. . . . It is wholly inappropriate to test [via Rule 35] the propriety of allowing a guilty plea to stand.").

[17] *Mayes v. State*, 604 A.2d 839, 845 (Del. 1992); *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989).

[18] *Hewett*, 2014 WL 5020251, at *1. *See also Shy v. State*, 246 A.2d 926 (Del. 1968); *Lewis v. State*, 1997 WL 123585, at *1 (Del. Mar. 5, 1997).

application, the record of the two subject cases, Comeger's supervision history, and all sentencing information available. The Court finds sentence reduction unwarranted; the sentence (1) was imposed after Comeger was found to have violated the terms of his probated sentence for a second time in a very short span and (2) remains appropriate for the reasons stated at the time of sentencing.

(8)    In turn, the Court will exercise its discretion under Rule 35(b) and **DENY** Comeger's request to reduce or modify the terms of his sentence.

**SO ORDERED this 5th day of January, 2015.**

**/s/ Paul R. Wallace**
**PAUL R. WALLACE, JUDGE**

Original to Prothonotary

cc:  Daniel E. Logan, Deputy Attorney General
       Mr. Roger Comeger, *pro se*
       Investigative Services Office