**Melvin Lee WARD, Jr., Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted: Nov. 28, 1989.
Decided: Dec. 20, 1989.

William B. Wilgus, Millsboro, for appellant Melvin Lee Ward, Jr.

Richard E. Fairbanks, Jr., of the Dept. of Justice, Wilmington, for appellee State of Del.

Before CHRISTIE, C.J., MOORE and WALSH, JJ.

MOORE, Justice.

Melvin Ward appeals from a decision of the Superior Court sentencing him to seventeen years in prison. Ward was convicted of second degree conspiracy and possession of a destructive weapon for his

participation in the robbery and fatal shooting of a sixty-seven year old man. On appeal he contends that the Superior Court abused its discretion in imposing consecutive sentences that were more severe than those recommended by the Sentencing Accountability Commission guidelines ("SENTAC guidelines"). Ward also claims that the Superior Court's sentences were based on factual misrepresentations in a presentence report and on the sentencing judge's personal antipathy to the defendant. We disagree. SENTAC guidelines, while advisory, are neither mandatory nor binding upon a sentencing judge. Under the circumstances, the sentencing judge was fully justified in departing from the voluntary sentencing guidelines. We also find no evidence that the judge was improperly influenced by either the presentence report or his own beliefs about the defendant's guilt or innocence. Accordingly, we affirm.

## I.

Melvin Ward was one of five individuals indicted on charges of murder, robbery, conspiracy, and possession of a destructive weapon. He was part of a group that planned to obtain money to buy drugs by threatening a sixty-seven year old man with a sawed-off shotgun that Ward had fashioned from a family heirloom. During the course of the robbery, the threat became an actuality. The victim was shot and killed.

The four other defendants pled guilty to reduced charges of second degree murder. Alone, Ward went to trial. Despite the multi-count indictment, he was convicted of only two counts: second degree conspiracy (to commit robbery) and possession of a destructive weapon (sawed-off shotgun). The jury apparently accepted his defense that he conspired only to rob the victim but withdrew from the conspiracy when it became violent.

The trial court sentenced Ward to the maximum amount authorized by statute on both counts, for a total of seventeen years. Ward now contends that the sentence was manifestly excessive under the circum-

stances because it exceeded the 0–2 years of incarceration recommended by the SENTAC guidelines. He also claims his sentencing was improperly affected by factual misrepresentations in the presentence report, and by judicial skepticism about his innocence, as evidenced by the judge's alleged statement in an unrelated hearing, that Ward's acquittal on charges of murder and robbery was "the most bizarre verdict in the history of jurisprudence".

## II.

The Sentencing Accountability Commission was established by statute in 1984 to develop sentencing recommendations "consistent with the overall goals of insuring certainty and consistency of punishment commensurate with the seriousness of the offense and with due regard for resource availability and cost." 11 *Del.C.* § 6580(c). In 1987, we adopted the Commission's five-level punishment scheme, known as SENTAC guidelines, and ordered Delaware courts to implement them, subject to certain conditions. One of the most important conditions was that "[t]he sentencing standards are considered voluntary and non-binding; thus, no party to a criminal case has any legal or constitutional right to appeal to any court a statutorily authorized sentence which does not conform to the sentencing standards." *Administrative Directive Number Seventy–Six,* Del.Supr., Christie, C.J. (Sept. 15, 1987).

Here, Ward has no basis for appeal simply because the trial court's sentences exceed those recommended by the SENTAC guidelines. Although the consecutive sentences were the maximum allowed, they did not exceed the statutory authorization. Under the circumstances it is well established that this Court has no jurisdiction to reduce a sentence which is within the maximum penalty allowed by statute. *Osburn v. State,* Del.Supr., 224 A.2d 52 (1966). Appellate review of a sentence generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature. *See Seeney v. State,* Del.Supr., 211 A.2d 908 (1965); *Hinckle v. State,* Del.Supr., 189

A.2d 432 (1963). *Cf. Sheldon v. State,* Del.Supr., 291 A.2d 273 (1972). In this case the sentencing judge gave careful and appropriate consideration to the SENTAC guidelines and to the recommendations of the parties before deciding to impose more severe sentences. He specifically referred to the victim's vulnerability and to the high potential for death as aggravating circumstances that warranted a departure from the SENTAC guidelines in this case. We agree.

 We similarly find no evidence that the trial court was improperly influenced by the presentence report. The Superior Court Judge who sentenced Ward also presided over his criminal trial. The judge knew the facts and circumstances of the case and clearly recognized that Ward had not been convicted of the more serious crimes of robbery and murder. The references to facts underlying the robbery and murder indictments contained in the presentence report were already known to the trial court. They were also necessary background to understand the conspiracy and weapons charges, and thus were not inappropriate information to be included in the presentence report.

 Finally, we reject Ward's contention that the trial judge had some antipathy towards him that increased the length of his sentence. Judges routinely put aside their own views about a case in favor of a jury's determination. Despite the judge's comments about the jury's verdict, we see no indication that he was biased against Ward. The record of the sentencing hearing indicates that the judge's decision to impose the maximum sentences was the result of a logical and conscientious process, and was based specifically upon the presence of aggravating factors recognized by SENTAC. The judgment of the Superior Court is AFFIRMED.