MICHAEL H. KURZMANN, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 63, 2008.
Supreme Court of Delaware.
Submitted: May 6, 2008.
Decided: June 19, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

ORDER
RANDY J. HOLLAND, Justice.
This 19th day of June 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Michael H. Kurzmann, filed an appeal from the Superior Court's January 7, 2008 order denying his motion for sentence modification under Superior Court Criminal Rule 35. The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In April 2004, Kurzmann pleaded guilty to one count of Assault in the Second Degree and three counts of Endangering the Welfare of a Child in connection with an attack on his wife that was observed by their three children. On the assault conviction, he was sentenced to four years at Level V, with credit for one hundred and thirty-three days previously served, to be suspended for six months at Level IV home confinement and one year at Level III probation. On each of the child endangerment convictions, he was sentenced to one year at Level V, to be suspended for one year at Level III probation.
(3) In July 2005, while on probation, Kurzmann again assaulted his wife. In August 2005, he was found to have committed a violation of probation ("VOP") and was re-sentenced to a total of seven years at Level V, with credit for time served, to be followed by six months at Level IV. This Court affirmed the VOP and VOP sentence on direct appeal.[1] Kurzmann subsequently filed a motion for postconviction relief and a motion for sentence modification, both of which were denied by the Superior Court.
(4) In this appeal of the Superior Court's denial of his motion for sentence modification, Kurzmann claims that the Superior Court both erred in a manner that violated his constitutional rights and abused its discretion by a) failing to state its reasons for departing from the SENTAC guidelines; and b) failing to consider new mitigating circumstances.
(5) In support of his first claim, Kurzmann argues that his VOP sentences are illegal because the Superior Court failed to articulate its reasoning for departing from the SENTAC guidelines when it imposed his VOP sentences.[2] While the Superior Court's January 7, 2008, order does not contain its reasons for denying Kurzmann's motion for sentence modification, that deficiency alone does not provide Kurzmann with a basis for claiming that his sentences are illegal.[3] Moreover, the Superior Court clearly articulated that Kurzmann's VOP was based upon his commission of a new, violent crime in its bench ruling at the VOP hearing in August 2005.
(6) Kurzmann's further argues that his sentences are illegal because they exceed the SENTAC guidelines. It is well-settled that the SENTAC guidelines are voluntary and non-binding and, therefore, do not provide an independent basis for a claim of an illegal sentence.[4] Appellate review of a sentence generally ends upon a determination that it is within the statutory limits, as is the case here.[5] The Superior Court acted within its statutory authority when it revoked Kurzmann's probation and re-imposed the Level V time remaining on his original sentences.[6] For all of these reasons, we conclude that Kurzmann's first claim is without merit.
(7) Kurzmann's second claim is that his exemplary behavior in prison should have been considered by the Superior Court when deciding his motion for sentence modification. Under Rule 35(a), a defendant may move for correction of an illegal sentence and, under Rule 35(b), may move for a reduction of sentence within ninety days of its imposition or under "extraordinary circumstances." None of these scenarios applies to Kurzmann's situation. As discussed above, his sentences are not illegal. Nor has he moved for a reduction of sentence within ninety days of its imposition. Finally, even an exemplary prison record does not constitute such "extraordinary circumstances" as would justify a sentence reduction.[7] For all of these reasons, we conclude that Kurzmann's second claim also is without merit.
(8) It is manifest on the face of Kurzmann's opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that, pursuant to Supreme Court Rule 25(a), the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Kurzmann v. State, 903 A.2d 702 (Del. 2006).
[2] 2005 SENTAC Benchbook, p. 104; Delaware Supreme Court Administrative Directive 76; Siple v. State, 701 A.2d 79, 83 (Del. 1997).
[3] Mayes v. State, 604 A.2d 839, 846 (Del. 1992) (failure to provide the basis for departing from the SENTAC guidelines does not provide a basis for reversible error).
[4] Ward v. State, 567 A.2d 1296, 1297 (Del. 1989).
[5] Del. Code Ann. tit. 11, §§ 4205(b) (4) and 4206(a).
[6] Del. Code Ann. tit. 11, § 4334(c); Ingram v. State, 567 A.2d 868, 869 (Del. 1989).
[7] Allen v. State, Del. Supr., No. 599, 2006, Berger, J. (May 25, 2007).