GREGORY A. DENSTON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 244, 2008.
Supreme Court of Delaware.
Submitted: June 12, 2008.
Decided: July 16, 2008.
Before HOLLAND, JACOBS and RIDGELY, Justices.

ORDER
JACK JACOBS, Justice.
This 16th day of July 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Gregory A. Denston, filed an appeal from the Superior Court's May 7, 2008 order denying his motion to correct an illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit. We agree and affirm.
(2) In January 1998, Denston was indicted on charges of Attempted Murder in the First Degree and Possession of a Deadly Weapon During the Commission of a Felony. The charges stemmed from Denston's attack upon his wife with a baseball bat while she slept, causing her to suffer severe and permanent injuries. After Denston was arrested, he gave the police a complete videotaped statement in which he admitted to the charges.
(3) On September 29, 1998, Denston appeared in the Superior Court for his trial. During jury selection, he attempted to escape from the courtroom, but was subdued by correction officers. After making arrangements for a new jury pool, the Superior Court was informed that Denston wished to enter into a plea agreement. The Superior Court engaged in an extensive plea colloquy with him, informing him that, while the State had agreed to recommend sentences of 15 years for the attempted murder charge and 2 years for the weapon charge, the court was free to impose the maximum sentences permitted by Delaware law.
(4) In January 1999, the Superior Court sentenced Denston. On the attempted murder conviction, Denston was sentenced to 25 years at Level V. On the weapon conviction, he was sentenced to 20 years at Level V, to be suspended after 5 years for decreasing levels of supervision.
(5) In this appeal, Denston claims that the Superior Court abused its discretion when it failed to articulate substantial and compelling reasons on the record justifying an upward departure from the SENTAC sentencing guidelines and, therefore, should have granted his motion for correction of sentence.
(6) The function of Rule 35(a) is to permit correction of an illegal sentence.[1] Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[2] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[3]
(7) Relief under Rule 35(a) is not available to Denston because the sentences imposed by the Superior Court are authorized by statute[4] and are neither ambiguous nor contradictory. As such, they are not illegal. Moreover, while it appears that the Superior Court did not explicitly articulate its reasons for departing from the SENTAC guidelines, this Court has held that a defendant has no legal or constitutional right to appeal a statutorily-authorized sentence on that ground.[5] Therefore, the Superior Court's judgment must be affirmed.
(8) It is manifest on the face of the opening brief that the appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[2] Id.
[3] Id.
[4] Del. Code Ann. tit. 11, §§ 531 and 636; § 1447; §§ 4205(b) (1) and (2).
[5] Sanders v. State, Del. Supr., No. 578, 1999, Walsh, J. (Mar. 8, 2000) (citing Mayes v. State, 604 A.2d 839, 846 (Del. 1992)).