do not need to reach the other issues presented to the court below and we express no opinion as to their resolution.[15]

Therefore, the Superior Court's judgment of July 27, 2015 is affirmed.

■

**Myron GIBBS, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 211, 2015**

Supreme Court of Delaware.

Submitted: May 11, 2016
Decided: May 20, 2016

**AFFIRMED.**

for transportation to school"); *Kantola v. State Farm Ins.*, 62 Ohio Misc. 11, 405 N.E.2d 744, 746 (Ohio Mun.Ct.1979) (explaining that child who was struck by an automobile while crossing road after exiting school bus was covered under insurance policy because "[c]rossing the street ..., with the stopped school bus as a protective measure, is within the time framework, which could be reasonably expected").

15. Buckley has made some sensible arguments about whether the doctrines we have used to ensure that strained PIP claims are not granted, *i.e.*, claims that are contrary to the intent of the statute and that would raise insurance costs for consumers, are too rigid and might operate too broadly to screen out claims like hers where the vehicle is plainly involved in the accident, in the normal sense of playing a substantial role in a vehicle acci-

■

**Edward SUCHOMEL, Defendant Below, Appellant,**

**v.**

**STATE of Delaware, Plaintiff Below, Appellee.**

**No. 492, 2015**

Supreme Court of Delaware.

Submitted: May 18, 2016
Decided: May 20, 2016

**AFFIRMED.**

■

**Matthew SCANNAPIECO, Defendant Below–Appellant,**

**v.**

dent that injures the plaintiff. In fact, *Sanchez* and *Kelty*, and other cases like them, tend to involve situations where there was no vehicle "accident" in the common sense, but rather an incident that occurred where a vehicle was near the scene—such as when the victim was shot sitting in his car. Very few Americans would think that a shooting in a car was a "car accident." Here, there was plainly an accident in that common sense. Because the regulatory regime that governs the boarding and exiting of school buses so plainly involved the school bus in the accident that befell Buckley in that normal sense, we see no need to revisit these doctrines here. In fact, although State Farm argues that the face of the complaint fails under *Kelty*, the Superior Court persuasively explained why even under *Kelty*, Buckley prevailed given the special role school bus drivers play in the boarding process. *See Buckley*, 2015 WL 4515699, at *5.

STATE of Delaware, Plaintiff Below–Appellee.

No. 506, 2015

Supreme Court of Delaware.

Submitted: April 27, 2016

Decided: May 20, 2016

AFFIRMED.

John CRESTO, Defendant Below, Appellant,

v.

STATE of Delaware, Plaintiff Below, Appellee.

No. 359, 2015

Supreme Court of Delaware.

Submitted: May 18, 2016

Decided: May 20, 2016

AFFIRMED.

STATE of Delaware,

v.

Catherine W. CULP, Defendant.

ID No. 9807019438

Superior Court of Delaware, In and for Kent County.

Submitted: February 17, 2016

Decided: April 18, 2016