# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|                          |     |                          |
|--------------------------|-----|--------------------------|
| JAMES DURHAM,            | )   |                          |
|                          | )   |                          |
|   Appellant,   | )   |                          |
|                          | )   |                          |
| v.                       | )   | I.D. No. 1507019715      |
|                          | )   | I.D. No. 1508002923      |
|                          | )   |                          |
| STATE OF DELAWARE,       | )   |                          |
|                          | )   |                          |
|   Appellee.    | )   |                          |

Submitted: August 25, 2016
Decided: November 3, 2016

## <u>CORRECTED MEMORANDUM OPINION</u>

*On Appeal from the Court of Common Pleas*
**AFFIRMED**

James Durham, Appellant.

Tianna Bethune, Esq., Deputy Attorney General, Department of Justice, 820 N. French Street, Wilmington, DE 19801, Attorney for Appellee.

**ROCANELLI, J.**

**PROCEDURAL BACKGROUND**

On August 4, 2015, Defendant James Durham ("Defendant") was arrested and charged with Shoplifting[1] after stealing electronics from a Boscov's department store in Newark, Delaware ("August 4 Shoplifting"). At the time of Defendant's arrest, Defendant was a suspect in the July 16, 2015 theft of a power drill from a Lowe's home improvement store in Middletown, Delaware.

On August 5, 2015, following an investigation by the Middletown Police Department, Defendant was charged with a second count of Shoplifting in connection with the July 16, 2015 theft of the power drill ("July 16 Shoplifting").[2]

On August 21, 2015, Defendant appeared before the Court of Common Pleas ("Trial Court") and pleaded guilty to both the August 4 and July 16 Shopliftings. As to the July 16 Shoplifting, Defendant was sentenced to 12 months at Level V, suspended for 1 year at Level II probation. As to the August 4 Shoplifting, Defendant was sentenced to 12 months at Level V, suspended for 1 year at Level II probation. The Court mandated substance abuse evaluation and treatment as a condition of probation. Accordingly, when sentencing Defendant, the Trial Court gave Defendant the opportunity to avoid incarceration and also offered the benefit

---

[1] 11 *Del. C.* § 840.

[2] A Lowe's employee provided the Middletown Police Department with a surveillance video depicting an individual taking the power drill without paying. The investigating officer conducted a pawn inquiry using the power drill's model number. The pawn inquiry revealed that Defendant had recently pawned a power drill with the same model number. Upon conducting a database inquiry, the investigating officer discovered that Defendant matched the appearance of the individual depicted in the surveillance video.

of substance abuse treatment in the community. Defendant failed to take advantage of those opportunities.

On December 10, 2015, a urinalysis was conducted on Defendant by Defendant's supervising probation officer.[3] The urinalysis indicted that Defendant tested positive for cocaine and opiates. The terms and conditions of Defendant's probation prohibited Defendant from consuming controlled substances without a prescription.

On January 5, 2016, Defendant failed to report for an office visit with Defendant's supervising probation officer. The terms of Defendant's probation required Defendant to report to his supervising probation officer as directed.

On January 8, 2016, the Middletown Police Department issued a warrant for Defendant's arrest after Defendant stole electronics from a Wal-Mart in Middletown, Delaware ("January 8 Shoplifting").[4] The terms of Defendant's probation prohibited Defendant from committing a criminal offense during his probationary period.

---

[3] Defendant's Shoplifting probation required Defendant to submit to random drug screenings at the request of Defendant's supervising probation officer.

[4] On March 18, 2016, Defendant appeared before the Trial Court and pleaded guilty to the January 8 Shoplifting. Defendant was sentenced to 1 year at Level V, suspended for 12 months at Level III. Defendant's appeal does not implicate the January 8 Shoplifting conviction or any violations of probation pursuant thereto. Nevertheless, the January 8, 2016 issuance of an arrest warrant for Defendant provided a basis, among others, for the violation of probation report filed by Defendant's supervising probation officer on January 13, 2016.

On January 13, 2016, Defendant's supervising probation officer filed a report alleging violations of probation against Defendant. Defendant's supervising probation officer cited the December 10 urinalysis, Defendant's failure to report to the January 5 office visit, and Defendant's alleged January 8 Shoplifting as the basis for the violations. Defendant's supervising probation officer also noted Defendant's disregard for authority as evidence that Defendant was not amenable to community-based supervision. Defendant's supervising probation officer requested for Defendant to be held at a higher supervision level.

Two days later, on January 15, 2016, Defendant was arrested and charged in Aberdeen, Maryland, for Theft and Assault Second Degree ("Maryland Theft"). Defendant was found guilty in connection with the Maryland Theft and sentenced to sixty days incarceration at the Harford County Detention Center in Bel Air, Maryland. The terms of Defendant's Delaware probation prohibited Defendant from committing a criminal offense during his probationary period. The terms of Defendant's Delaware probation also prohibited Defendant from leaving the State of Delaware without receiving approval from Defendant's supervising probation officer. The criminal conduct in Maryland violated these conditions.

On March 4, 2016, Defendant's supervising probation officer filed a report alleging a second violation of probation. Defendant's supervising probation officer cited the Maryland Theft as the basis for the second violation. Defendant's

supervising probation officer again requested for Defendant to be held at a higher supervision level.

On April 8, 2016, after his release by the Maryland authorities, Defendant appeared before the Trial Court for an uncontested hearing regarding Defendant's violations of probation ("April 8 VOP Hearing"). The Trial Court found that Defendant could not or would not conform his conduct to the obligations imposed on him by statute, by the Court, or by the terms and conditions of his probation. Defendant was sentenced for violation of probation after a violation-of-probation hearing was held, and the Trial Court determined that Defendant had violated the terms of his probation.

In crafting a sentence for Defendant, the Trial Court considered Defendant's extensive criminal history of numerous convictions that preceded the Shoplifting convictions at issue in this case, including convictions for Assault, Theft, Burglary, Robbery, Criminal Impersonation, Possession of a Controlled Substance, and Shoplifting. Defendant had also been found in violation of probation on more than ten prior occasions.

By Order dated April 8, 2016, Defendant's original sentence was revoked; Defendant was sentenced to 6 months at Level V for the July 16 Shoplifting conviction; and 3 months at Level V for the August 4 Shoplifting conviction ("VOP Sentencing Order"). Accordingly, in consideration of Defendant's history

4

of convictions and probation violations, the Trial Court determined Defendant was not amenable to community-based supervision and sentenced Defendant to nine months at Level V, no probation to follow.

On June 29, 2016, Defendant appealed the VOP Sentencing Order to this Court as a self-represented litigant. Defendant challenges the legality of his sentence. Defendant submitted briefing in support of the appeal, and the State submitted briefing in opposition thereto. This is the Court's decision regarding Defendant's appeal of the VOP Sentencing Order.

## DISCUSSION

Defendant argues that the VOP Sentencing Order constituted an abuse of discretion. Specifically, Defendant argues that the Trial Court abused its discretion by deviating from the Truth in Sentencing Act guidelines established by the Sentencing Accountability Commission ("SENTAC Guidelines"). Defendant also contends that the Trial Court misinterpreted Defendant's criminal history and failed to articulate the aggravating circumstances that supported a deviation from the SENTAC Guidelines. Finally, Defendant argues that the Trial Court's failure to include substance abuse treatment in Defendant's sentencing order also constitutes an abuse of discretion.

## A.      Standard of Review for Sentencing

A sentencing judge has the flexibility to consider the nature of the offense, the character of the defendant, and all other information related to mitigation or aggravation of the sentence to be imposed.[5]  Moreover, the sentencing judge has "broad discretion to consider 'information pertaining to a defendant's personal history and behavior which is not confined exclusively to the conduct for which that defendant was convicted.'"[6] A sentencing judge may choose to extend or withhold leniency based upon the individual defendant and the unique circumstances of a particular case.[7] Accordingly, sentencing decisions are reviewed under an abuse of discretion standard.[8]

Appellate review of sentencing is "extremely limited."[9] The reviewing court's inquiry "generally ends upon determination that the sentence is within the statutory limits prescribed by the legislature."[10] A sentence that falls within statutorily prescribed limits will be set aside only where the sentence is "based on

[5] *See Nastatos v. State*, 2014 WL 1512287, at *4 (Del. Apr. 15, 2014); *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006); *Weston v. State*, 832 A.2d 742, 746 (Del. 2003).

[6] *Siple v. State*, 701 A.2d 79, 85 (Del. 1997) (quoting *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992)).

[7] *Siple*, 701 A.2d at 85 (citing *United States v. Jones*, 997 F.2d 1475, 1478 (D.C. Cir. 1993)).

[8] *Fink v. State*, 817 A.2d 781, 791 (Del. 2003) (citing *Cheeks v. State*, 2000 WL 1508578, at *2 (Del. Sept. 25, 2000)); *Walt v. State*, 727 A.2d 836, 840 (Del. 1999) (citing *Mayes*, 604 A.2d at 842–43).

[9] *Wyant v. State*, 2016 WL 3549101, at *2 (Del. May 25, 2016); *Nelson v. State*, 2016 WL 3474354, at *2 (Del. May 24, 2016); *Smith v. State*, 2014 WL 5421251, at *2 (Del. Oct. 23, 2014); *Kurzmann*, 903 A.2d at 714 (quoting *Mayes*, 604 A.2d at 842).

[10] *Scannapieco v. State*, 2016 WL 3450022, at *2 (Del. May 20, 2016) (quoting *Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989)); *White v. State*, 2004 WL 906531, at *1 (Del. Apr. 20, 2004); *Mayes*, 604 A.2d at 842; *Gaines v. State*, 571 A.2d 765, 766 (Del. 1990).

factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[11]

## B. The Trial Court's Deviation from SENTAC Guidelines Does Not Constitute a Proper Basis for Appeal.

The Delaware Supreme Court has consistently held that the SENTAC Guidelines are non-binding,[12] and that "[a] defendant has no legal or constitutional right to appeal a statutorily authorized sentence simply because it does not conform to the sentencing guidelines established by the Sentencing Accountability Commission."[13] Defendant's sentence is within the statutorily prescribed limitations for Defendant's Shoplifting convictions.[14] Therefore, the Trial Court's deviation from the SENTAC Guidelines, taken alone, does not constitute an abuse of discretion and is not a proper basis for appeal.[15]

---

[11] *Hickman v. State*, 2014 WL 4463142, at *2 (Del. Sept. 10, 2014) (quoting *Kurzmann*, 903 A.2d at 714). *See also Scannapieco*, 2016 WL 3450022, at *2 (quoting *Ward*, 567 A.2d at 1297) ("However, a sentencing court abuses its discretion if it sentences on the basis of inaccurate or unreliable information."); *Mayes*, 604 A.2d at 843 ("Thus, in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking minimal indicium of reliability.").

[12] *Brochu v. State*, 2016 WL 690650, at *4 (Del. Feb. 19, 2016) (citing *Mayes*, 604 A.2d at 845); *Nastatos*, 2014 WL 1512887, at *4 (citing *Dennis v. State*, 2013 WL 1749807, at *3 (Del. Apr. 23, 2013)); *Kurzmann*, 2008 WL 2461804, at *1.

[13] *Mayes*, 604 A.2d at 845 (citing *Gaines*, 571 A.2d at 766–67). *See also Brochu*, 2016 WL 690650, at *4; *Mitchell v. State*, 2015 WL 7575022, at *2 (Del. Nov. 24, 2015); *Vanderhoeven v. State*, 2009 WL 1940723, at *4 (Del. July 7, 2009); *Siple*, 701 A.2d at 83 (Del. 1997).

[14] The combined maximum penalty for the July 16 and August 4 Shoplifting convictions is two years. *See* 11 *Del. C.* § 840(d). The Trial Court imposed a sentence of nine months on Defendant.

[15] *See Brochu*, 2016 WL 690659, at *4 ("It is well-settled that a deviation from the voluntary and non-binding sentencing guidelines is not a basis to vacate a sentence that is within statutory

**C. Defendant's Sentence Was Not an Abuse of Discretion Because the Trial Court Made an Appropriate Determination That Defendant Was Not Amenable to Community-based Supervision and Sentenced Defendant Within Statutory Limits.**

Defendant argues that the VOP Sentencing Order constitutes an abuse of discretion because the sentence was based solely upon a misinterpretation of Defendant's criminal history. Specifically, Defendant asserts that the Trial Court sentenced Defendant under the mistaken belief that Defendant violated his probation eight times where Defendant had only violated once.[16] Moreover, Defendant argues that the Trial Court improperly failed to articulate the aggravating circumstances that supported a deviation from the SENTAC Guidelines. Finally, Defendant contends that the Trial Court's failure to include substance abuse treatment in its sentencing order also constitutes an abuse of discretion.

---

limits."); *Dennis*, 2013 WL 1749807, at *3 (citing *Benge v. State*, 2004 WL 2743431, at *1 (Del. Nov. 12, 2004)) ("SENTAC guidelines are voluntary and nonbinding and do not provide a basis for appeal."); *Vessels v. State*, 2009 WL 4847619, at *1 (quoting *Mayes*, 604 A.2d at 845) ("The SENTAC guidelines are voluntary and non-binding, and they too do not provide 'any legal or constitutional right to appeal . . . a statutorily authorized sentence.'"); *Kurzmann*, 2008 WL 2461804, at *1 (citing *Ward*, 567 A.2d at 1297) ("It is well-settled that the SENTAC guidelines are voluntary and non-binding and, therefore, do not provide an independent basis for a claim of an illegal sentence."); *Siple*, 701 A.2d at 83 (citing *Gaines*, 571 A.2d at 767) ("At the present time, there is no constitutional or statutory right in Delaware to appeal a criminal punishment on the sole basis that it deviates from the SENTAC sentencing guidelines.").

[16] "THE COURT: But on the probation for the [July 16 Shoplifting], you've been violated: one, two, three, four, five, six, seven – seven times. This makes your eighth violation." *State v. Durham*, I.D. Nos. 1507019715 & 1508002923, at 6 (Del. Com. Pl. Apr. 8, 2016) (TRANSCRIPT).

The record in this case reflects that the VOP Sentencing Order was not based on impermissible or unreliable factual predicates.[17] Instead, the Trial Court based its decision on Defendant's extensive criminal history and repeated disregard for the terms of his probation. Defendant does not demonstrate that the Trial Court failed to consider relevant information, or maintained a "preconceived bias" in imposing its sentence.[18] To the contrary, the Trial Court appropriately considered reliable information pertaining to Defendant's character and criminal conduct that extended beyond Defendant's Shoplifting convictions.[19]

The United States Supreme Court has explained that probation is a privilege, not a right, "designed to provide a period of grace in order to aid the rehabilitation of a penitent offender; to take advantage of an opportunity for reformation."[20] The Trial Court permissibly exercised its significant "flexibility in administration" in deciding to revoke Defendant's probation based on a pattern of disregard for authority and the law.[21]

Furthermore, while Defendant may need substance abuse treatment, the Trial Court gave Defendant the opportunity to avoid incarceration and receive treatment in the community during his probationary term. Moreover, nine months at Level V

[17] *See Hickman*, 2014 WL 4463142, at *2 (quoting *Kurzmann*, 903 A.2d at 714).
[18] *Weston*, 832 A.2d at 746.
[19] *See Siple*, 701 A.2d at 85.
[20] *Burns v. United States*, 287 U.S. 216, 220 (1932).
[21] *Id.*

is not enough time to be evaluated for and complete an in-patient substance abuse treatment program at Level V supervision. Whether or not to require substance abuse treatment as a sentencing condition is well within the sound discretion of the Trial Court.

As to Defendant's contention that the Trial Court failed to explicitly articulate applicable aggravating circumstances on the record, the Delaware Supreme Court has declined to hold that a sentencing court's failure to make a record of its reasons for departing from the SENTAC Guidelines constitutes reversible error.[22] The Trial Court permissibly elected to provide significant weight to Defendant's convictions and violations of probation.[23] "Repetitive criminal conduct is a venerable basis in our criminal justice system for an

---

[22] *See, e.g.*, *Brochu*, 2016 WL 690650, at *5 ("To the extent Brochu argues that the Superior Court violated a sentencing guideline because the court failed to state the aggravating factor 'for the record' during the sentencing hearing, his claim is without merit."); *Mitchell*, 2015 WL 7575022, at *2 (citing *Mayes*, 604 A.2d at 845) ("In addition, this Court has rejected the argument that a sentencing court's failure to make a record of its reasons for departing from SENTAC Guidelines constitutes reversible error."); *Taylor v. State*, 28 A.3d 399, 410 (Del. 2011) (finding that a judge's failure to expressly discuss mitigating factors prior to imposing a death sentence did not automatically render the sentence arbitrary or capricious, and that requiring such an approach would reflect a preference for form over substance); *Cruz v. State*, 990 A.2d 409, 417 (Del. 2010) (finding that a judge's failure to expressly articulate the reasons for departing from the SENTAC-suggested sentence on the record did not suggest that the sentence was imposed with a closed mind); *Moncavage v. State*, 2010 WL 4108832, at *2 (Del. Oct. 19, 2010) ("Finally, the sentence is appropriate and the judge did not need to articulate aggravating factors verbally at the sentencing hearing."); *Denston v. State*, 2008 WL 2752287, at *1 (Del. July 16, 2008) (finding that a defendant has no right to appeal a statutorily-authorized sentence on the grounds that the sentencing court did not explicitly articulate its reasons for departing from the SENTAC guidelines); *Mayes*, 604 A.2d at 846 (finding that the court's failure to comply with 11 *Del. C.* § 4204(m) by identifying aggravating factors justifying the sentence imposed cannot be reasonably construed as a mandate or basis for reversible error).
[23] *See Mitchell*, 2015 WL 7575022, at *2.

enhanced punishment *within* the statutory range set for the specific conviction at issue."[24]  It was within the Trial Court's broad discretion to consider Defendant's criminal history in crafting a sentence for the violations of probation.

## CONCLUSION

The record does not indicate that the VOP Sentencing Order was based upon demonstrably false information, judicial vindictiveness, or a closed mind.  The transcript of the April 8 VOP Hearing reveals that the Trial Court permissibly exercised its discretion in crafting a sentence based upon Defendant's criminal history and repeated violations of probation.  Defendant's sentence is within the statutorily prescribed limitations, consistent with the recommendations of Defendant's supervising probation officer, and appropriately reflects Defendant's lack of amenability to community-based supervision.  Accordingly, it was within the Trial Court's discretion to revoke Defendant's probation and impose a sentence that deviated from the SENTAC Guidelines.[25] Defendant does not demonstrate vindictive or arbitrary action by his sentencing judge.[26]  Therefore, the appeal does not present meritorious grounds for relief.

---

[24] *Siple*, 701 A.2d at 85 (emphasis in original).
[25] *See Cruz*, 990 A.2d at 416.
[26] *See Francis v. State*, 2006 WL 4459527, at *2 (Del. Dec. 22, 2006).

11

**NOW, THEREFORE,** this 3rd day of November, 2016, the April 8, 2016

VOP Sentencing Order by the Court of Common Pleas is hereby **AFFIRMED.**

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**