SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

May 18. 2023

Daniel A. Strumpf, Esquire
Assistant Public Defender
Office of Defense Services
Public Defender's Office
14 The Circle, 2nd Floor
Georgetown, DE 19947

David Hume, IV, Esquire
Deputy Attorney General
Chief Prosecutor, Sussex County
Department of Justice
13 The Circle
Georgetown, DE 19947

Re: *State of Delaware v. Stacey L. Like*
Def. ID# 2101000019
Rule 35(b) Motion for Reduction of Sentence

Gentlemen:

On November 2, 2022, Stacey L. Like ("Defendant"), pursuant to a Pre-Sentence Plea Agreement and a Truth-in-Sentencing Guilty Plea Form, pled guilty to two Class B Violent Felony charges: First Degree Assault and Possession of a Firearm During the Commission of a Felony ("PFDCF"). I ordered a Pre-Sentence Investigation before sentencing.

On January 13, 2023, I sentenced Defendant as follows: on the charge of First Degree Assault, 25 years at Level V (with credit for 743 days served), suspended after 3 years at Level V for 2 tears at Level III; on the charge of PFDCF, 25 years at

Level V, suspended after 4 years at Level V for 2 years at Level III. The sentences run consecutively, for a total of 7 years of Level V time. I also imposed various other conditions, including the payment of court costs and monetary assessments, restitution, no contact with the victim, providing a DNA sample, mental health and substance abuse treatment, forfeiture of seized items, and completion of a domestic violence intervention program.

On April 5, 2023, Defendant timely filed[1] a Motion for Reduction of Sentence (the "Motion") pursuant to Delaware Superior Court Criminal Rule 35(b). The State filed its Response on May 2, 2023. This is my ruling on the Motion.

**SENTAC Guidelines**

The Delaware Sentencing Accountability Commission ("SENTAC") was created for the purpose of establishing a system in Delaware "that emphasizes accountability of the offender to the criminal justice system and accountability of the criminal justice system to the public."[2] To fulfill that purpose, SENTAC establishes sentencing guidelines located within the Benchbook.[3] The presumptive

---

[1] Within 90 days after imposition of sentence under Super. Ct. Crim. R. 35(b).
[2] *Delaware Sentencing Accountability Commission Benchbook,* at 21 (2020) ("the Benchbook"). The Benchbook can be located at https://cjc.delaware.gov/wp-content/uploads/sites/6l/2020/02/Benchbook-2020F.pdf.
[3] The Benchbook at 21.

sentences established by SENTAC "are based on the classification of the offense, and whether it is violent or non-violent in nature."[4]

Facing the potential of a steep minimum mandatory sentence if she were convicted of attempted murder at trial, Defendant pressed the State for a plea to a minimum of 3 years, but ultimately accepted a plea to a 5-year minimum mandatory sentence, with the full understanding that the guidelines established by SENTAC are presumptive only, and not binding on me.[5]

First Degree Assault has a sentencing range of 2 to 25 years with a presumptive sentence of 2 to 5 years. PFDCF has a sentencing range of 3 to 25 years with a presumptive sentence of 3 to 5 years. Thus, Defendant faced a presumptive sentence of 5 to 10 years. I imposed a sentence of 7 years, within the presumptive range.

The Benchbook also provides:

> The standard sentence range is presumed to be appropriate for the typical criminal case. The court may impose a sentence outside the standard sentence range for the offense if it finds that there are substantial and compelling reasons justifying an exceptional sentence.[6]

However, I did not issue an exceptional sentence. Therefore, it is deemed to be

---

[4] *Id.*

[5] *Walters v. State,* 2013 WL 4540040 at *1 (Del. Supr. Aug. 23, 2013).

[6] The Benchbook at 107.

appropriate.

The Benchbook also enumerates specific aggravating and mitigating factors that I should consider when imposing a sentence.[7] While the "standard sentence range is presumed to be appropriate for the typical criminal case," the existence of such factors can justify upward or downward departures from those guidelines.[8] Each of the enumerated aggravating and mitigating factors includes definitions promulgated by SENTAC.[9]

Defendant asserts that there is a mismatch between the mitigating and aggravating factors under SENTAC. She correctly states that I found mitigators such as: a lack of criminal history, undue duress or compulsion, need for treatment exceeds need for punishment, remorse, and extreme emotional distress triggered by a "toxic stew" of psychopharmacological, relationship, and mental health issues. But she then incorrectly states that I found no applicable aggravators. This is simply not true. I gave considerable weight to the grievous effect on the victim and his family, including the fear and pain resulting from his original wound and multiple subsequent surgeries. He faces a lifetime of emotional trauma. I was certainly within

---

[7] The Benchbook at 110-14.
[8] The Benchbook at 110.
[9] The Benchbook at 112-14.

my rights to weigh these horrific aggravating factors against the extenuating factors in determining an appropriate sentence.

There is no constitutional or statutory right under Delaware law to appeal a criminal punishment on the sole basis that it deviates from the SENTAC sentencing guidelines."[10] "[T]he trial court must explain its reasons for doing so, but it is authorized to exceed the SENTAC guidelines without making any factual findings beyond those reflected in the jury's verdict,"[11] or, as in this case, the charges to which the Defendant pled guilty. While it is within my discretion to reduce a criminal sentence, justice is not served by a redundant reassessment of the facts known and available to me at the time of sentencing.[12] While Defendant is displeased with the sentence imposed, no new or different facts have been offered that were not known to the parties at the time of sentencing.

**Specific Cases**

I have looked at the three cases cited by Defendant. However, every criminal case is different, and the particular factors underlying a sentencing decision in those cases do not inform the exercise of my discretion in the sentencing in this case.

---

[10] *Siple v. Slate,* 701 A.2d 79, 83 (Del.1997).

[11] *Id.*

[12] See *In re Briddelle,* 2004 WL 344006 (Del. Super. Feb. 17, 2004) (noting that "[t]here must be some finality to cases.").

**Standard of Review**

Most importantly, Defendant does not assert that I abused my discretion in sentencing her. Yet that is the standard that the Delaware Supreme Court uses in reviewing a denial of a Rule 35(b) Motion.[13]

The Delaware Supreme Court has stated: "We review a sentence determination on appeal only to determine whether it is within the applicable statutory limits and whether it is based upon factual predicates which are false or impermissible, or which lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[14] And further, "In Delaware, the trial court has broad discretion in determining which information to rely on in imposing a sentence, including information pertaining to the defendant's personal history and behavior, the presentencing report, and other sources."[15] "Thus, in reviewing a sentence within statutory limits, this Court will not find error of law or abuse of discretion unless it is clear from the record below that a sentence has been imposed on the basis of demonstrably false information or information lacking a minimal indicium of reliability."[16] Under these standards, my sentence was not based on

---

[13] *Mumford v. State*, 2023 WL 1793844, at *2 (Del. Feb. 7, 2023).
[14] *Kurzmann v. State* 903 A.2d 702, 714 (Del. 2 0 0 6 ).
[15] *Mayes v. State*, 604 A .2d 839, 842 (Del. 1992).
[16] *Id.,* quoting *Ward v. State,* 567 A.2d 1296, 1297 (Del. 1989).

6

false, impermissible, or unreliable facts.

**Purpose of Incarceration**

Finally, Defendant asks me to reconsider the purpose of sentencing in a case like this. Given the mitigating factors mentioned above, do factors such as retribution, punishment or deterrence serve a purpose? Yes, incarceration delays Defendant's return to the community and her family. But is also serves as justice for the crimes to which she pled guilty and the victim who continues to suffer. As stated above, no new or different facts have been offered that were not known at the time of sentencing.

This was a difficult case. Defendant lived a law-abiding life until she committed these crimes. She was, and is, devoted to her family. I have no doubt that the medication prescribed by a medical professional after one virtual visit played a role in what happened. But when one points a gun at another and pulls the trigger, consequences flow, both to the victim and the perpetrator.

I spent a substantial amount of time reviewing the case and evaluating an appropriate sentence. SENTAC is a guide only. I remain satisfied that the sentence I imposed upon Defendant is appropriate.

7

For the reasons stated above, I **DENY** Defendant's Motion for Reduction of Sentence.

**IT IS SO ORDERED.**

/s/ Craig A. Karsnitz


cc:   Prothonotary