# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. Nos. 2106009228 |
| | ) | 2106009261 |
| | ) | |
| JARED RYAN, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: June 6, 2024
Decided: August 30, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Nicholas Wynn, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Alana Farber, Assistant Public Defender, Office of Defense Services, Wilmington, Delaware.

Jared Ryan, Howard R. Young Correctional Institution, P.O. Box 9561, Wilmington, DE 19809, *pro se*.

**O'CONNOR,** Commissioner.

This 30th day of August, 2024, upon consideration of Defendant's Motion for Postconviction Relief[1] and the record in this matter, the following is my Report and Recommendation.

**BACKGROUND**

On or about June 17, 2021, Jared Ryan ("Defendant") was arrested: (a) by the Delaware State Police ("DSP") for two counts of Rape Fourth Degree;[2] and (b) by the New Castle County Police for three counts of Rape Fourth Degree.[3] In the five counts of Rape Fourth Degree, Defendant was alleged to have engaged in sexual intercourse with two minor victim(s) who had not reached their sixteenth birthday.[4]

On June 9, 2023, Defendant pled guilty to two counts of Rape Fourth Degree, one count involving each minor victim. In the plea agreement, the State indicated it would "cap" its Level V incarceration recommendation at two years Level V; the Defendant would be ordered to have no contact with the two minor victims, M.S. and M.D.; and the Defendant would (a) undergo a mental health evaluation and follow recommended treatment, and (b) participate in sex offender counseling and

---

[1] Docket Item ("D.I.") 33. For purposes of this Report and Recommendation, all docket item references, unless otherwise expressly noted, relate to Superior Court Criminal Case No. 2106009261.
[2] *See State v. Jared Ryan*, Case No. 2106009228.
[3] *See State v. Jared Ryan*, Case No. 2106009261.
[4] *See* 11 *Del. C.* § 770(a). On October 11, 2021, The New Castle County Grand Jury indicted Defendant for both cases. *See State v. Jared Ryan,* Case No. 2106009228, D.I. 8; *State v. Jared Ryan*, Case No. 2106009261, D.I. 7.

treatment.[5]   At the conclusion of the plea colloquy, the Court ordered a Presentence Investigation.[6]

On June 7, 2023, Defendant's counsel filed a sentencing memorandum.[7]   On June 9, 2023, this Court sentenced Defendant to an aggregate term of thirty years Level V, suspended after serving four years Level V, followed by probation supervision.[8]   Conditions of the sentence included:  (a) no contact with the minor victims, their families or residences; (b) sex offender registration; (c) provide a DNA sample as required by Delaware law;  (d) no unsupervised contact with any minor under the age of 18; (e) complete a sexual disorders counseling treatment program; and (f) undergo a mental health evaluation and follow treatment recommendations.[9]

On July 3, 2023, the Defendant appealed his conviction and sentence to the Delaware Supreme Court.  In the appeal, Defendant argued the Superior Court violated his right to effective assistance of counsel when it did not *sua sponte* continue his sentencing hearing to "allow defense counsel the opportunity to evaluate three belatedly provided victim impact statements," after his counsel failed to request a continuance.[10]

---

[5]  D.I. 15, Plea Agreement.
[6]  *Id.*
[7]  D.I. 20.
[8]  D.I. 22, Sentence Order.
[9]   *Id.*
[10] *Jared Ryan v. State*, 2024 WL 1673648, at *2 (Del. Apr. 18, 2024).

In considering, and ultimately rejecting, Defendant's ineffective assistance of counsel claim on direct appeal, the Delaware Supreme Court opined:

> This Court generally will not consider a claim of ineffective assistance of counsel if it was not first decided on the merits below. Instead, we require parties to bring these claims by post-conviction motion. The rationale for this rule is driven by our need to have a complete record "on the question of counsel's alleged incompetency" and by the desire to give counsel "an opportunity to be heard [and] the chance to defend [themselves]." Furthermore, even where the record is sufficient, a collateral proceeding is preferable to plain error review because "[a]n opinion by the [sentencing court] is a valuable aid to appellate review for many reasons, not the least of which is that in most cases the [sentencing court] is familiar with the proceedings and has observed counsel's performance in context, firsthand." This does not mean, however, that ineffective assistance of counsel claims are completely prohibited on direct appeal. In the unusual case, where "the ineffectiveness is so apparent from the record that this Court can fully consider obvious deficiencies in representation," we may, in the interests of justice, reach the merits.
>
> There are no such obvious deficiencies here. To prevail on an ineffective assistance of counsel claim, the defendant "must show both deficient performance by counsel and prejudice." The "bare record from the [sentencing] proceedings" before us, however, does not provide a basis for us to conclude that requesting a continuance was required and therefore constitutionally deficient, and that Ryan suffered prejudice from the lack of a continuance. Accordingly, Ryan's appeal is not ripe for review. He may, of course, still seek proper review of his claim by postconviction relief.[11]

On May 17, 2024, Defendant filed a *pro se* Motion for Postconviction Relief ("Motion").[12] In the Motion, Defendant raises one claim: trial counsel provided

---

[11] *Id.* at *3.
[12] D.I. 33.

4

ineffective assistance because she "failed to request a continuance of Defendant's sentencing hearing after the State provided false and inflammatory victim impact statements to Defense Counsel only minutes prior to the start of the Sentencing Hearing."[13] Defendant claimed counsel was "unprepared to receive said victim impact statements which were, again, according to counsel's own admission, rife with false and inflammatory allegations against Defendant."[14] Defendant argued if counsel had requested a continuance of the sentencing hearing, she "could have formulated an adequate defense against those statements."[15] Defendant asserts he was prejudiced by counsel's actions because it "exposed the sentencing court to inaccurate information about Defendant's character and behavior which, in turn, infected the sentencing court's mind to the detriment of defendant."[16]

## FACTUAL BACKGROUND

As Defendant's lone postconviction claim regards a virtually identical issue raised on direct appeal, it is important to provide context into the factual circumstances of Defendant's sentencing, as described by the Delaware Supreme Court when it rejected Defendant's appeal and concluded that Defendant failed to

---

[13] *Id.* at 3-4.
[14] *Id.* at 4.
[15] *Id.*
[16] *Id.*

demonstrate that requesting a continuance was either required or constitutionally deficient.[17]

Justice N. Christopher Griffiths, writing on behalf of the Court, summarized the sentencing proceeding as follows:

> The Superior Court held Ryan's sentencing hearing on June 9, 2023. Just before the hearing started, the State presented the court and Ryan's counsel with three victim impact statements written by M.D., M.D.'s mother, and M.S.'s mother. At a sidebar conference, Ryan's counsel requested that the Court disregard "the untrue portions of the victim impact statements[,]" and argued that they contained "new" and "unproven" allegations. Counsel did not ask for a continuance to review the victim impact statements. The Superior Court told counsel that it would disregard anything "that [wa]s not supported by evidence[ ]" and proceeded with the sentencing hearing.
>
> The prosecution then presented the victim impact statements. The prosecutor read M.D.'s statement and M.S.'s mother's statement to the court, while M.D.'s mother read her own statement. During her reading, M.D.'s mother asked the Superior Court not to "show leniency toward ... Ryan" because he was a "predator" who had "basically kidnapped" her daughter "while lying multiple times about her [daughter's] whereabouts and manipulating [her] family, the police, and [her] about his involvement with her daughter." She also claimed in her statement that Ryan had groomed M.D. as well as "many other underaged victims[,]" and expressed her belief that if given the chance, he "would do it all over again[.]"
>
> In M.D.'s victim impact statement, she referred to Ryan as a "pedophile who manipulates and destroys little girls' lives" and asked the court to not "let this happen to another girl." She stated that "[t]here's a story that [she] hear[d] from other females about how [Ryan] would go to part[ies][,] pick up young girls, let them drive his car, then get oral sex[.]" She also detailed how Ryan had "broke[n] two

[17] *Ryan*, 2024 WL 1673648, at *3.

of [her] old phones and put his hands on [her] physically[,] from punching [her] to pushing [her] into walls."

Through her victim impact statement, M.S.'s mother asked the court to impose the "maximum sentence" because Ryan "had chosen to be on the wrong side of the law for many years and clearly has no desire to rehabilitate." She wrote that "it was [her] understanding that [Ryan] was on probation when he abused [her] daughter" and that "even after he was arrested and charged again he has since committed rape on a young girl ... while out on bail."

During the defense's presentation, Ryan's counsel summarized a lengthy sentencing memorandum that he submitted to the Superior Court. Counsel rebutted some of the factual allegations made in the newly introduced victim impact letters—including the allegations that Ryan was "on the wrong side of the law for many years" and that there "were many underage victims"—while noting that she did not intend to "undercut or undermine what the victims went through." Ryan then spoke to the court. During his allocution, Ryan expressed remorse for his actions and regret for the effects his actions had on M.D. and M.S. He also told the court that he would "do whatever it takes to make sure this behavior does not repeat in the future." He did not expressly address all of the accounts and allegations in the victim impact statements.[18]

## DISCUSSION

Defendant argues counsel provided ineffective assistance because she "failed to request a continuance of Defendant's sentencing hearing after the State provided false and inflammatory victim impact statements only minutes prior to the sentencing hearing."[19] For the following reasons, I find that Defendant's Motion is meritless and recommend that it be summarily dismissed.

---

[18] *Id.* at *1-2.
[19] D.I. 33 at 4.

In the context of sentencing, Delaware judges have broad discretion to determine what information to rely on from a presentence report and related sources.[20] In fact, they are entitled to consider "information pertaining to a defendant's personal history and behavior which is not confined exclusively to conduct for which that defendant was convicted,"[21] including "information regarding other, unproven crimes."[22] A sentencing court will, however, abuse its discretion if it sentences a defendant "on the basis of inaccurate or unreliable information."[23] If the Court does not sentence a defendant based on inaccurate or unreliable information, appellate review of a sentence generally ends upon "determination that the sentence is within statutory limits prescribed by the legislature."[24]

In the context of Defendant's Motion, victim impact statements are authorized by Delaware law and provide a victim the opportunity to address the judge at sentencing. Specifically, 11 *Del. C.* § 4331(d) creates the right for the victim of a felony offense to submit to the sentencing judge a victim impact statement.[25] These

---

[20] *Mayes v. State*, 604 A.2d 839, 843 (Del. 1992) (*citing State v. Huey*, 505 A.2d 1242 (1986)).
[21] *Mayes v. State*, 604 A.2d at 842 (quoting *Lake v. State*, Del. Supr., No. 67, 1984 Horsey, J. (Oct. 29, 1984)).
[22] *Id.* at 843 (internal citations omitted).
[23] *Id.* (internal citations omitted).
[24] *Id.*, *citing Ward v. State*, 567 A.2d 1296, 1297 (Del. 1989).
[25] 11 *Del. C.* § 4331(d) provides, in pertinent part:
    (d) Except for those offenses where no victim can be ascertained, a victim impact statement shall be presented to the court prior to the sentencing of a convicted person, where such person has been convicted of:

statements allow the victim an opportunity to personally inform the Court the impact the crime may have had on their physical, psychological or economic well-being; the seriousness or permanence of any injury; changes in the person's welfare or familial relationships which can reasonably be attributed to the offense(s); and "any other information relating to the impact of the offense on the victim or other person."[26] And here, there were three victim impact statements presented to the court. First, the prosecutor read to the Court a victim impact statement written by the minor victim, M.D.. Next, the prosecutor read a victim impact statement written by the mother of the other minor victim, M.S.. Finally, the mother of the minor victim M.D. read a third victim impact statement, addressing the impact Defendant's crime had on her, her minor daughter, M.D., and her family.[27]

Defendant argues the victim impact statements "infected the sentencing court's mind to the detriment of the Defendant," but the Defendant provides no specific factual support for his conclusory statements that the victim impact statements were unreliable or untrue, or that the sentencing judge relied upon the aforementioned victim impact statements in making her sentencing decision.[28] And

---

(1) A felony….

[26] *See generally* 11 *Del. C.* § 4331(e).

[27] The victim impact statements offered to the Court at sentencing by the mothers of the minor victims are specifically contemplated by 11 *Del. C.* § 4331(f).

[28] *See Scannapieco v. State*, 2016 WL 3450022, at *3 (Del. May 20, 2016) ("Scannapieco provides no support for his conclusory statement that this information was unreliable or that the trial court even relied upon it in making its determination"); (*also see State v. Drake*, 2008 WL 5264880, at *2 (Del. Super. Dec. 15, 2008) ("[A] movant must support his or her allegations, including claims

here, the sentencing judge, upon learning that Defendant disputed the veracity of some elements of the victim impact statements, explained that she would "disregard anything that is not supported by evidence and to which the Defendant has not pled guilty."[29]  She also further framed her sentencing decision as follows:

> I'm sentencing the Defendant on two counts of Rape Fourth [Degree].  I am not sentencing on the basis of other pending charges; nevertheless, the Court is permitted to take into account conduct between the time of the plea of guilty and the time of sentencing in the same way the Court would take into account positive conduct that would have taken place during that time period.
>
> So, what I'm considering in addition to what everyone else has said is that defendant targeted two young girls roughly the same age, one of whom he participated in that child leaving the safety and love of her own home and causing her family untold pain and anxiety not even knowing where she was.  Again, I'm not sentencing on any future conduct.  Those cases will run their course, and this is what I feel is the appropriate sentence for the conduct to which the Defendant has pled guilty.[30]

Under these circumstances, the Defendant has provided insufficient factual support for his conclusory claim that the victim impact statements were unreliable

---

of ineffective assistance of counsel, with 'concrete allegations of actual prejudice, or risk summary dismissal.'")).

[29]  D.I. 28, Sent. Tr. at 3:16-19.

[30]  *Id.* at 18:12 – 19:6.  Before the Defendant entered the plea that is the subject of this Motion, he was also arrested and charged with Possession with Intent to Deliver Psilocybin and Possession of Marijuana (Case No. 2303002953 -  arrest date March 5, 2023); two counts of Non-Compliance with Bond Conditions (prohibited contact with a minor female R.S.) (Case No. 2303008842 – arrest date March 16, 2023); and two counts of Rape Fourth Degree and two counts of Non-Compliance with Bond Conditions (prohibited contact with minor female M.D. (the same victim noted *supra* in Case No. 2212001907 – arrest date January 5, 2023)).   On October 16, 2023, Defendant pled guilty to several offenses from these three pending cases – Possession with Intent to Deliver Psilocybin and three counts of Non-Compliance with Bond Conditions.  *See State v. Jared Ryan*, Case No. 2303002953, D.I. 10, Plea Agreement.

10

and/or untrue, and he has failed to demonstrate the sentencing judge relied on inaccurate or unreliable information when imposing his sentence. Therefore, he cannot demonstrate prejudice from his counsel's alleged failure to request a continuance of the sentencing hearing to address or rebut contested portions of the victim impact statements. Moreover, the judge's sentence was lawful -- Rape Fourth Degree is a Class C violent felony, punishable up to fifteen years Level V.[31] The presumptive prison sentence for a conviction for one count of Rape Fourth Degree is up to thirty months Level V.[32] And here, the Court sentenced Defendant for *two* counts of Rape Fourth Degree, each for fifteen years Level V, suspended after serving twenty-four months level V, after noting the Defendant "targeted two young girls roughly the same age, one of whom he participated in that child leaving the safety and love of her own home and causing her family untold pain and anxiety

---

[31] 2023 SENTAC Benchbook, p. 41.

[32] *Id.* The SENTAC guidelines reflect a presumptive sentence of thirty months at Level V for a conviction for one count of Rape Fourth Degree, and a presumptive sentence of twenty-two months at Level V when a defendant is credited for the mitigating factor of "acceptance of responsibility." To the extent Defendant may claim the presumptive sentence applicable to his sentencing is twenty-two months Level V, because he pled guilty and "took full responsibility for his actions" (D.I. 28 at 17:9-11), the "mere incantation of some words of regret or acknowledgement does not by itself equate to 'acceptance of responsibility.'" *See State v Wynn*, 2023 WL 4493622, at *2 (Del. Super. Aug. 20, 2013). To conclude that a Defendant is entitled to "acceptance of responsibility" as a mitigating factor at sentencing, this "court must examine the entire record and make its own determination whether Defendant has accepted responsibility for his action." *Id.* And here, the Judge did not explicitly credit Defendant with acceptance of responsibility as a mitigating factor at the sentencing hearing, and the Sentence Order is silent as to any mitigating factors. *See generally* D.I. 22, Sentence Order. As such, the mitigating factor of acceptance of responsibility is inapplicable.

not even knowing where she was." Defendant's sentence was lawful, he has failed to establish prejudice, and his postconviction claim is meritless.

## CONCLUSION

For all of the aforestated reasons, I recommend the Motion for Postconviction Relief be **SUMMARILY DISMISSED.**

**IT IS SO RECOMMENDED.**


/S/ Martin B. O'Connor
Commissioner

oc:    Prothonotary
       Nicholas Wynn, Deputy Attorney General
       Alana Farber, Assistant Public Defender
       Jared Ryan (SBI # 00822186)