**Lawrence B. DICKENS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 22, 1981.

Decided Nov. 3, 1981.

---

John E. Sullivan (argued), Asst. Public Defender, Wilmington, for defendant below, appellant.

Eugene M. Hall (argued), Deputy Atty. Gen., Wilmington, for plaintiff below, appellee.

Before McNEILLY, QUILLEN and HORSEY, JJ.

McNEILLY, Justice:

Defendant was convicted by a Superior Court jury of First Degree Murder, First Degree Attempted Murder, Possession of a Deadly Weapon During the Commission of a Felony and the lesser included offense of First Degree Assault. In this appeal, defendant contends: (1) that the State violated his right to due process by failing to disclose the existence of a six-inch steak knife, recovered by police officers at the scene of the shooting in question, and a written statement of an eyewitness, and (2) that the Trial Judge abused his discretion in admitting into evidence a photograph of the victim's wound which was allegedly prejudicial in effect. We affirm.

I

On August 16, 1979 defendant entered the Wilmington Bus Station at Fourth and Market Streets in search of his girlfriend, Elmira Handy. Seeing Miss Handy and her mother, Myrtis Handy, at the ticket counter, he approached them and requested to speak with Elmira alone in order to dissuade her from leaving him and taking a bus to lower Delaware. Although Myrtis Handy insisted that Elmira remain with her, the defendant succeeded in conversing briefly with Elmira alone. Shortly thereafter, Myrtis Handy approached the couple. As she did, defendant produced a revolver and aimed it at the floor in order to frighten Mrs. Handy. However, when Mrs. Handy continued coming toward the couple, defendant pointed the gun at her and fired it, hitting her in the chest. Defendant continued to fire the gun, injuring Elmira Handy and a bystander. Mrs. Handy died as a result of her wounds. Police arrested the defendant at the scene of the shooting.

Prior to trial, defendant's counsel filed a motion for discovery requesting the disclosure of all "*Brady* material." The State did not disclose the existence of a steak knife, found by police inside an overnight bag near the victim, or the statement of an eyewitness. When the existence of both was revealed by the State at trial, the defendant moved twice for a mistrial on the ground that the State had violated the disclosure requirement of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The Trial Court denied the motions. Defendant also objected unsuccessfully to the admission into evidence of a color slide of the gunshot wound sustained by the victim.

II

We find defendant's contention that the State violated his right to due process by failing to disclose under *Brady*, supra, the existence of the steak knife and the eyewitness statement to be without merit. The State's failure to disclose exculpatory evidence prior to trial may violate a defendant's right to due process. See *United States v. Kaplan*, 554 F.2d 577 (3d Cir. 1977). In order to establish a due process violation, defendant must show: (1) that the State was constitutionally required to disclose the evidence to him; (2) that the State did not disclose the evidence to him until just prior to or during trial; and (3) that such late disclosure prevented him from effectively presenting the evidence at trial or from conducting a necessary investigation. *See id.* at 580. Whether the State is constitutionally bound to disclose certain evidence is controlled by *Brady*, supra, and *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). See also *Stokes v. State*, Del.Supr., 402 A.2d 376 (1979). In *Brady* the United States Supreme Court declared that due process is violated where the State suppresses, after request by the defendant, evidence in its possession which is favorable to the accused and material to his guilt or punishment. *Brady*, supra, 373 U.S., at 87, 83 S.Ct. at

1196. See *Moore v. Illinois*, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706 (1972). The test of whether evidence is favorable or exculpatory and, therefore, must be disclosed, is whether such evidence could create a reasonable doubt as to the defendant's guilt. *Agurs*, supra, 427 U.S. at 108–12, 96 S.Ct. at 2399–2401. Whether evidence is material depends upon such factors as: (1) favorability; (2) admissibility; (3) extent of probative value; (4) cumulative nature of the evidence; (5) weight of other evidence presented at trial; and (6) deference to the opinion of the Trial Judge. *Stokes*, supra, at 380.

█ We believe that the State did not violate the defendant's right to due process in not informing defendant of the discovery of the steak knife. The record is bereft of any evidence indicating that the State deliberately suppressed this evidence. Defense counsel was informed of the possible existence of the knife by defendant himself and by doctors who examined him. In addition, the State provided the defense with the opportunity to inspect any physical evidence which it had in its possession. It cannot be said, therefore, that the State was hiding the existence of the knife from the defense.

Furthermore, we disagree with defendant's assertion that the existence of the knife was favorable or material in nature. In light of the defense of extreme emotional distress asserted by defendant and the defense of justification which, defendant claims, he would have asserted had he known about the knife, a knife found in an overnight bag is, as the Trial Judge aptly put it, "meaningless in this kind of setting." The record indicates that the knife did not visibly protrude from the bag. Since defendant could not have seen the knife, it could not have triggered extreme emotional distress or a reaction of self-defense in defendant. Thus discovery of the knife could not create a reasonable doubt as to defendant's guilt and could have no bearing upon either party's case. Under the principles set forth above, the State was not duty-bound to disclose the existence of the knife

and did not violate defendant's right to due process.

█ With respect to the statement of the eyewitness, the State concedes that it probably had a duty under *Brady*, supra, to disclose this evidence. However, defendant has failed to show that this non-disclosure was so prejudicial as to amount to reversible error. The evidence became available to the defense during trial and was presented to the jury at trial. Defense counsel had the opportunity to cross examine the eyewitness. Furthermore, the Trial Judge offered defense counsel the possibility of a continuance if the defense found that it needed time to develop and evaluate the eyewitness' testimony. While the State may have violated the rule in *Brady*, the defense has not demonstrated that the tardy disclosure prevented it from effectively presenting the evidence. There is, then, no reversible error on this issue. *Kaplan*, supra, at 580.

### III

Defendant's second contention regarding the Trial Judge's abuse of discretion in admitting into evidence a color slide of the victim's wounds is, likewise, not persuasive. Defendant claims that since he conceded the existence of intent in pleading the defense of extreme emotional distress, the issue of intent was irrelevant and use of the slide to prove such intent unnecessary. Thus, he concludes, the only motive behind the State's use of the color slide was to inflame and prejudice the jury.

█ A Trial Judge has wide discretion to admit or reject photographs of a victim's injuries and absent an abuse of discretion, his ruling will be upheld by this Court. *Casalvera v. State*, Del.Supr., 410 A.2d 1369, 1372 (1980). The test of admissibility of photographs is whether their material and probative value outweighs their prejudicial effect. *Conyers v. State*, Del.Supr., 396 A.2d 157, 160 (1978). In the instant case we cannot say that the Trial Judge abused his discretion by admitting the color slide into evidence. As we stated in *Casalvera*, supra,

slides, depicting the nature of the [victim's] wounds, [are] relevant to both the defendant's intent to kill and to his state of mind. The former [is] an element of the crime of murder in the first degree which the State had to prove and the latter reflect[s] on the defendant's defense of extreme emotional distress. *Casalvera*, supra, at 1372.

While the defense may have conceded the issue of intent, the State still had to prove each element of the crime, see *Commonwealth v. Sullivan*, 472 Pa. 129, 371 A.2d 468, 482 (1977); *State v. Hudson*, 38 N.J. 364, 185 A.2d 1, 5 (1962); and slides of a victim's wound are relevant to and probative of the issue of intent. *Casalvera*, supra, at 1372; *Shantz v. State*, Del.Supr., 344 A.2d 245 (1975).

Accordingly, we AFFIRM.