# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
     )
     Plaintiff,      )
     )
     )
     v.      )      Cr. ID No. 79800001DI
     )
LAWRENCE B. DICKENS,      )
     )
     Defendant.      )
     )

Submitted: December 21, 2023
Decided: January 11, 2024

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S RULE 61 MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED
## AND
## RELATED MOTIONS FOR EVIDENTIARY HEARING, APPOINTMENT OF COUNSEL, DISCOVERY AND TRANSCRIPTS SHOULD BE DENIED
## AND
## MOTION FOR CORRECTION OF SENTENCE SHOULD BE DENIED

Abigail E. Rodgers, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Lawrence B. Dickens, SBI No. 00124570, J.T.V.C.C. 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

PARKER, Commissioner

This 11th day of January 2024, upon consideration of Defendant's Rule 61 motion for postconviction relief and Rule 35(a) motion for correction of illegal sentence, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

On February 20, 1980, after a 10-day trial, a Superior Court jury convicted Defendant Lawrence B. Dickens of Murder in the First Degree for the killing of Myrtis Handy. Dickens was also convicted of Attempted Murder in the First Degree for the shooting of Elmira Handy, First Degree Assault for the shooting of a bystander, and Possession of a Deadly Weapon during the Commission of a Felony.

On the Murder in the First Degree conviction, Dickens was sentenced to life imprisonment, without the possibility of probation or parole or any other reduction.[1] Dickens was sentenced to additional Level V time on the remaining convictions.[2]

Following Dickens' convictions and sentences, he filed a direct appeal. On November 3, 1981, the Delaware Supreme Court affirmed his convictions and sentences.[3] Thereafter, Dickens filed three Rule 61 motions, all of which

---

[1] D.I. 14.
[2] D.I. 21.
[3] *Dickens v. State,* 437 A.2d 159 (Del. 1981).

have been unsuccessful[4]. He has also filed an unsuccessful petition for federal habeas corpus relief.[5]

## DICKENS' PENDING MOTIONS

Dickens filed a Rule 61 motion, his fourth, seeking to vacate his Murder-in-the-First Degree sentence and conviction. Dickens also filed a Rule 35(a) motion for "correction of sentence."

## RULE 61 MOTION

Superior Court Criminal Rule 61(d)(2) requires all second or subsequent motions to be summarily dismissed unless the movant was convicted after a trial and the movant (i) pleads with particularity that new evidence exists to establish the movant's actual innocence in fact; or (ii) pleads with particularity that a new, retroactively applicable constitutional rule applies to the movant's case and renders a conviction invalid.

---

[4] First Rule 61 notion: *State v. Dickens,* 602 A.2d 95 (Del.Super. 1989), *aff'd,* 1990 WL 43318 (Del. 1990).

Second Rule 61 motion: *State v. Dickens,* 1994 WL 145988 (Del.Super.), *aff'd,* 1994 WL 466126 (Del.).

Third Rule 61 motion: *Dickens v. State,* 2003 WL 1922507 (Del.).

[5] *Dickens v. Deloy, et al.,* 2007 WL 4292115 (D.Del.).

Dickens contends that he has satisfied the pleading requirements of Rule 61(d)(2)(ii). Dickens claims that pending legislation, Delaware House Bill 70, 152nd General Assembly, 2023-2024, seeks to repeal 11 *Del. C.* §4209, and when repealed, his sentence on his Murder-in-the-First-Degree conviction would be invalid and therefore his conviction would need to be vacated.

11 *Del. C.* §4209 provides that persons convicted of first-degree murder shall be sentenced to death or by imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction.

Dickens is incorrect in his understanding of the pending legislation. The pending legislation does not seek to repeal 11 *Del. C.* §4209 in its entirety. It seeks to eliminate the death penalty as a possible sentence for first-degree murder convictions. If the pending legislation is enacted and becomes law, every person convicted of first-degree murder shall be sentenced to "imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction."[6]

The pending legislation, if signed into law, would have no effect on Dickens' first-degree murder sentence. Dickens was already sentenced to life

---

[6] House Bill 70 , 152nd General Assembly, 2023-2024.

imprisonment without the benefit of probation or parole or any other reduction on his first-degree murder conviction. Dickens' sentence would remain the same as previously imposed under the pending legislation, if passed and signed into law.

Dickens' Rule 61 motion should be summarily dismissed since he cannot meet the threshold requirement of proceeding with this motion. Dickens has failed to plead with particularity that a new, retroactively applicable constitutional rule applied to his case and rendered his conviction invalid.

## RELATED MOTIONS ARE DENIED

In accordance with the mandates of Rule 61, Dickens' Rule 61 motion should be summarily dismissed as he failed to meet the pleading requirements for proceeding with the motion. As such, Dickens' request for the appointment of counsel, evidentiary hearing, discovery and transcripts are likewise denied.

## MOTION FOR CORRECTION OF SENTENCE

Dickens contends that his sentence on his first-degree murder conviction to life imprisonment "without the benefit of probation or parole or any other reduction" is illegal. He filed the subject Rule 35(a) seeking to correct this allegedly illegal sentence. Dickens seeks a modification of his

sentence to remove the portion of his sentence that does not allow probation, parole or any other reduction to his life sentence.

11 *Del. C.* §4209(a) provides that persons convicted of first-degree murder **shall** be sentenced to death or to imprisonment for the remainder of the person's natural life without benefit of probation or parole or any other reduction.

Dickens was sentenced on his first-degree murder conviction to imprisonment for the remainder of his natural life without benefit of probation or parole or any other reduction.

There is no basis for a Rule 35(a) motion to correct an illegal sentence when the sentence imposed is allowed by statute.[7] Dickens' sentence on his first-degree murder conviction to life imprisonment without the benefit of probation or parole or any other reduction was not only allowed to be imposed by statute, it was required to be imposed. Dickens' motion for correction of illegal sentence is denied.

---

[7] See, *Ward v. State,* 567 A.2d 1296, 1297 (Del. 1989).

For the reasons discussed above, Dickens' Rule 61 motion for postconviction relief should be summarily dismissed, the related relief requested should be denied, and his Rule 35(a) for correction of illegal sentence should be denied.

**IT IS SO RECOMMENDED.**

_Lynne. M. Parker_
Commissioner Lynne M. Parker

cc:     Prothonotary