IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAWRENCE B. DICKENS, | § | |
| | § | No. 221, 2024 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 79800001DI (N) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: December 5, 2024
Decided: February 17, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, Lawrence Dickens, appeals the Superior Court's denial of his motions for postconviction relief and correction of illegal sentence. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Dickens' opening brief that his appeal is without merit. We agree and affirm.

(2) In 1980, a Superior Court jury convicted Dickens of first-degree murder for the shooting of Myrtis Handy, attempted first-degree murder for the shooting of Elmira Handy, first-degree assault for the shooting of a bystander, and possession of

a deadly weapon during the commission of a felony (PDWDCF). Following a penalty hearing mandated by Delaware's death penalty statute, 11 *Del. C.* § 4209 ("Section 4209"), at which the State conceded that there was no statutory aggravating circumstance to warrant the imposition of the death penalty, the Superior Court sentenced Dickens to life imprisonment without the possibility of probation or parole for first-degree murder. Following a presentence investigation, the Superior Court sentenced Dickens to life imprisonment for attempted first-degree murder and to fifteen years of incarceration for first-degree assault.[1] We affirmed Dickens' convictions and sentence on appeal.[2]

(3)     Between 1989 and 2002, Dickens filed three unsuccessful motions for postconviction relief under Superior Court Criminal Rule 61.[3] On September 5, 2023, Dickens filed a fourth motion for postconviction relief, arguing that he could overcome the Rule 61's procedural bar against repetitive motions[4] because there was legislation pending before the General Assembly that would repeal Section 4209.

---

[1] At the time, Dickens' convictions for first-degree assault and PDWDCF merged for sentencing purposes. *See Hunter v. State*, 420 A.2d 119 (Del. 1980), *vacated*, 450 U.S. 991 (1981).

[2] *Dickens v. State*, 437 A.2d 159 (Del. 1981).

[3] *State v. Dickens*, 602 A.2d 95 (Del. Super. Ct. 1989) (denying Dickens' first motion for postconviction relief), *aff'd*, 1990 WL 43318 (Del. Mar. 22, 1990); *State v. Dickens*, 1994 WL 145988 (Del. Super. Ct. Mar. 10, 1994), *aff'd*, 1994 WL 466126 (Del. Aug. 25, 1994); *Dickens v. State*, 2003 WL 1922507 (Del. Apr. 21, 2003) (affirming the Superior Court's denial of Dickens' third motion for postconviction relief).

[4] *See* Del. Super. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief must be summarily dismissed unless the movant was convicted after a trial and pleads with particularity new evidence creating a strong inference that the movant is actually innocent or that a new rule of constitutional law is retroactively applicable and renders his conviction invalid).

The motion was referred to a Superior Court commissioner. On December 21, 2023, Dickens filed a motion for correction of illegal sentence, arguing that his life sentence for attempted first-degree murder is illegal because it was imposed under Section 4209. This motion was referred to the same Superior Court commissioner.

(4)    On January 11, 2024, the Superior Court commissioner issued a report recommending that the Superior Court deny both of Dickens' motions.[5] In so doing, the commissioner noted that the pending legislation did not seek to repeal Section 4209 in its entirety but sought to eliminate the death penalty as a possible sentence for a first-degree murder conviction.[6] Because Dickens had not been sentenced to death, the commissioner found (correctly) that the pending legislation, if signed into law, would have no effect on Dickens' sentence and did not create a new constitutional rule that was retroactively applicable to Dickens' case. The commissioner therefore recommended that Dickens' motion for postconviction relief be summarily dismissed. The commissioner also recommended that Dickens' motion for correction of illegal sentence be denied because Dickens' life sentence for first-degree murder was not only legal, but mandatory.[7] On May 2, 2024, the Superior Court adopted the commissioner's report and recommendation and denied

---

[5] *State v. Dickens*, 2024 WL 165991 (Del. Super. Ct. Jan. 11, 2024) ("*Dickens IV*").
[6] *Id*. at *1-2.
[7] *Id*. at *2.

3

Dickens' motions for postconviction relief and correction of sentence. This appeal followed.

(5) We review the Superior Court's denial of postconviction relief for abuse of discretion.[8] We also review the Superior Court's denial of a motion for correction of illegal sentence for abuse of discretion.[9] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[10]

(6) Dickens' arguments on appeal may be fairly summarized as follows: (i) the grand jury's indictment violated his right to due process because it failed to put him on notice that he was being charged with capital murder; (ii) he could not be indicted for capital murder because the indictment failed to identify an aggravating factor justifying the imposition of the death penalty under Section 4209; and (iii) his life sentence for attempted first-degree murder is illegal. Dickens has waived those arguments that he made below but failed to raise in his opening brief.[11]

---

[8] *Baynum v. State*, 211 A.3d 1075, 1082 (Del. 2019).
[9] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[10] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).
[11] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

4

(7) On appeal, Dickens does not attempt to overcome Rule 61's procedural bar prohibiting repetitive motions for postconviction relief. In any event, there is no merit to Dickens' claim that the grand jury's indictment was constitutionally deficient. An indictment performs two essential functions: to put the accused on notice of what he is called upon to defend, and to effectively preclude a subsequent prosecution for the same offense.[12] "These purposes are fulfilled if the indictment, as required by [Superior Court Criminal] Rule 7(c), contains a plain statement of the elements or essential facts of the crime."[13] Here, the indictment—which, in relevant part, charged Dickens with "intentionally caus[ing] the death of Myrtis Handy by shooting her with a .38 caliber pistol"[14]—did so.[15]

(8) Although Dickens is correct that the Superior Court incorrectly interpreted his motion for correction of illegal sentence to be challenging the legality of his life sentence for first-degree murder, we nevertheless affirm the court's denial of Dickens' motion for correction of illegal sentence on the independent and alternative basis that his life sentence for attempted first-degree murder is likewise not only legal, but mandatory.[16] That is, in 1979—when Dickens engaged in the

---

[12] *Malloy v. State*, 462 A.2d 1088, 1092 (Del. 1983).
[13] *Id.*
[14] State's Mot. to Affirm, Ex. A, DI 1.
[15] State's Mot. to Affirm, Ex. A, DI 1.
[16] *See Unitrin, Inc. v. Am. Gen. Corp.*, 651 A.2d 1361, 1390 (Del. 1995) (recognizing that this Court may affirm a trial court's judgment based on a different rationale than that relied upon by the trial court).

conduct that led to his attempted first-degree murder conviction—the Superior Court was required to sentence Dickens to life imprisonment for that offense under 11 *Del. C.* § 4205.[17]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[17] 11 *Del. C.* § 4205(b)(1) (1979) (fixing the term of imprisonment for a class A felony conviction at life imprisonment, "provided, however, that in the case of an attempt to commit any class A felony, the court shall impose a term of imprisonment and may impose life imprisonment, but may impose less than life imprisonment, except for conviction of an attempt to commit first-degree murder, in which event the court shall impose life imprisonment").